309 So.2d 606 (1975)
Eugene HESS, Appellant,
v.
STATE of Florida, Appellee.
No. 73-170.
District Court of Appeal of Florida, Second District.
March 7, 1975.
Rehearing Denied April 7, 1975.
Pat Whitaker, Jr., Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward and Richard G. Pippinger, Asst. Attys. Gen., Tampa, for appellee.
PER CURIAM.
Tampa police officers spent several hours in the home of Hess pursuant to a search warrant authorizing them to seize "... stolen property, to wit: A Zeninth 25" color television set, serial number 3854764 and miscellaneous credit cards in the name of George Bartke." This warrant was supported by an affidavit incorporating by reference a lengthy narrative of a police investigation into burglaries in the Tampa area which showed that the television set particularly identified had been stolen on April 6, 1972, and delivered to Hess' home. This underlying statement also recites that one burglar had delivered numerous stolen sets to Hess. It also recites that a burglary occurred at the home of George Bartke from which a number of credit cards were stolen.
There are three significant issues in this case and we pass quickly over the two easiest ones. First of all, the appellant contends that there is nothing in the affidavit to support a warrant listing credit cards in the name of George Bartke as being in the possession of Hess. This is true. A great deal of stolen property is *607 shown in the underlying affidavit to have been taken to Hess' home, but nowhere is there any mention of the delivery of the Bartke credit cards to Hess. Nothing but sheer speculation supports any view that Hess was in possession of these credit cards. We are confronted then with the proper treatment of a search warrant which is based upon inaccurate information. If this affidavit rested upon nothing but the assertion that the Bartke credit cards were to be found in the Hess home, we would be obliged to find the affidavit insufficient on its face, since it ascribes no reason for that belief except the narrative statement incorporated by reference, which contains nothing to link the stolen credit cards with Hess. But, the reference to credit cards is clearly surplusage and had nothing to do with the search ultimately conducted.
The second question involves the claim that the affidavit supports the belief that the stolen television set was delivered to Hess' home on April 6, whereas the warrant was issued 32 days later. We think the trial judge correctly determined that Hamelmann v. State, Fla.App. 1st 1959, 113 So.2d 394, is not to be taken literally when it suggests that any period exceeding 30 days renders the information stale. See, also, 100 A.L.R.2d, Search and Seizure § 7, page 542. There is a great deal of difference between possession of consumable narcotics as in Hamelmann and evidence of a continuing criminal business and we are unwilling to say that the trial judge erred in determining that the period of time which elapsed in this case was not unreasonable.
The third question presented is more difficult and we must give more of a factual background in order to explain it. The officers did not find the Zenith television set described. They did find five televisions sets in Hess' home, each in a different room and plugged in. They found untaxed alcoholic beverages and a considerable amount of merchandise in its original cartons and in quantities suggesting that it was not intended for Hess' own use. The officers did check the serial numbers of the television sets within the home and, after what Hess plausibly claims to be a long time, they reported that two of these sets were stolen. Whether the officers remained in the home two or five hours  the evidence is conflicting  we think under the facts here this does not reach unconstitutional dimension. The essence of the trial judge's holding in denying the motion to suppress is that the officers were rightfully in Hess' home under a warrant authorizing a search for a particular television set. Confronted with evidence of contraband in plain view and more television sets than one would normally find in a home, they reasonably undertook to determine whether these sets, or any of them, had been stolen. The officers were justified in seizing the contraband in their plain view. Ludwig v. State, Fla.App. 3rd 1968, 215 So.2d 898. As pointed out in Partin v. State, Fla.App. 3rd 1973, 277 So.2d 847, it would have been senseless to have required the police officers to obtain an additional search warrant to seize items of contraband discovered in a lawful search of the premises. We think that under all the circumstances the search was reasonable.
Affirmed.
BOARDMAN, A.C.J., SCHEB, J. and SCHWARTZ, ALAN R., Associate Judge, concur.