368 So.2d 899 (1979)
Marlene HUDSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1375.
District Court of Appeal of Florida, Third District.
February 27, 1979.
Rehearing Denied April 9, 1979.
*900 Moran & Gold and George D. Gold, Miami, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and HENDRY and HUBBART, JJ.
HAVERFIELD, Chief Judge.
Defendant, Marlene Hudson, challenges her conviction for (1) possession of a controlled substance, (2) possession or delivery of a controlled substance implement, and (3) manufacture or possession with intent to sell, manufacture or deliver cannabis based upon a plea of nolo contendere tendered subsequent to the denial of her motion to suppress evidence obtained through a court-ordered wiretap.
Hudson contends that the trial court should have suppressed the tape recordings and transcripts obtained through the court-ordered wiretap pursuant to Section 934.09, Florida Statutes (1975) on the grounds of (1) lack of probable cause and staleness, (2) omissions and misrepresentations in the affidavit of application, (3) failure to demonstrate that other investigative techniques had failed or would be unlikely to succeed, *901 (4) nonrecognition of an authorized object under Section 934.09(5), Florida Statutes (1975), (5) lack of proper description of the communications to be intercepted, and (6) deficiencies in the intercept order. In discussing each of these grounds, the pervasive principle of law is that the ruling of the trial court on a motion to suppress comes to the appellate court clothed with the presumption of correctness and the appellate court will interpret the evidence and reasonable inferences and deductions therefrom in a manner most favorable to sustain the trial court's ruling. McNamara v. State, 357 So.2d 410 (Fla. 1978).
We turn now to the first ground that the affidavit submitted in support of the application was insufficient as a matter of law to give rise to probable cause. Before a wiretap order can be issued, Section 934.09(3), Florida Statutes requires that the judge based upon the facts submitted by the applicant must find the existence of probable cause to believe that (1) an individual is committing, has committed or is about to commit an offense enumerated in Section 934.07, Florida Statutes (1975);[1] (2) particular communications concerning that offense will be obtained through such a wiretap; and (3) the facilities from which the communications are to be intercepted are being used or are about to be used in connection with the commission of such offense or are leased to, listed in the name of or commonly used by such person. Rodriguez v. State, 297 So.2d 15, 17 (Fla. 1974).
Probable cause in the context of the requirements of Section 934.09(3), Florida Statutes (1975) has been defined by the Supreme Court in Rodriguez v. State, supra, as reasonable grounds for the belief that the party whose communications are to be intercepted is committing or is about to commit one of the offenses enumerated in Section 934.07, Florida Statutes (1975); that particular communications concerning that offense will be obtained through such interception; and that the facilities or place involved is being used or about to be used in connection with the offense. We believe that the contents of the instant affidavit sufficiently demonstrated probable cause to believe that Hudson was involved in a protracted and continuous conspiracy of dealing in narcotics. The affidavit sets out the reliability of four confidential informants, each of whom had advised the affiant, Officer Stone, that over the past several years they had telephoned Hudson numerous times and had arranged to make purchases of narcotics at her residence. Some of this information was verified by independent police investigation. A January 23, 1976 conversation concerning an expected arrival of a kilo of cocaine between confidential informant # 1 and Hudson at her residence was recorded through the use of a "body bug" worn by the informant. In addition, records of telephone calls[2] made from Hudson's three telephones demonstrated that calls had been placed to telephone numbers listed to persons known by law enforcement agencies as traffickers in illegal drugs. Also, investigation by the affiant failed to reveal that Hudson had any lawful visible means of support or income to maintain her affluent lifestyle.
In support of her argument of lack of probable cause, Hudson further contends that the affidavit was stale in that from the conversation with confidential informant # 1 on January 23, 1976 until April 14 (the date of the application for a wiretap order), there were no allegations that she was using or about to use her phones to commit a crime.
A fundamental principle of search and seizure law is that the information given to the magistrate in the application for a wiretap order must be timely; the proof must be of facts so closely related to the time of the issuance of the authorization order as to justify a finding of probable cause at the time. See Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932). With regard to this issue of timeliness, Hudson cites to the following *902 holding approved by the Supreme Court in Rodriguez v. State, 297 So.2d 15, 18 (Fla. 1974):
"`Barring extraordinary circumstances which may be shown to exist in any given case, the pattern has been rather clearly established in courts of this country that if the observation of the alleged offense is not further remote than 30 days from the making of the affidavit and issuance of the warrant, a finding that there exists probable cause will not be disturbed. The contrary appears where the elapsed time is more than 30 days from the date of the observation to the date on which the affidavit is executed and the warrant issued.'" Hamelmann v. State, 113 So.2d 394, 396 (Fla. 1st DCA 1959).
However, the court in Rodriguez, supra, hastened to point out that this 30-day period was not hard and fast, but simply a "rule of thumb". Furthermore, the staleness issue must be examined more liberally when a continuing pattern of criminal activity is alleged as gleaned from the following holding in Bastida v. Henderson, 487 F.2d 860 (5th Cir.1973):
"... In general, the basic criterion as to the duration of probable cause is the inherent nature of the crime. The Circuits hold that where an affidavit recites a mere isolated violation then it is not unreasonable to believe that probable cause quickly dwindles with the passage of time. On the other hand, if an affidavit recites activity indicating protracted or continuous conduct, time is of less significance, ... Id. at 864."
Hence, fairly long periods of time have been allowed to elapse between information and application for a wiretap authorization in cases where the evidence clearly shows a longstanding, ongoing pattern of criminal activity, and a mechanical count of days is of little assistance in the determination of staleness which must be decided on the peculiar facts of each case. United States v. Hyde, 574 F.2d 856 (5th Cir.1978). The affidavit in the case at bar alleged a protracted conspiracy over the past several years. Although the allegations evidenced criminal activity only up until January 23, 1976, it was permissible for the magistrate to infer that if criminal activities and conversations had been occurring over Hudson's telephone lines for the past several years, they had not mysteriously stopped within the ensuing weeks. Cf. United States v. Hyde, 574 F.2d 856, 865 (5th Cir.1978), supra. We, therefore, will not disturb the finding of probable cause.
Concerning Hudson's second ground that the affidavit contained misrepresentations and omissions, the controlling law is that affidavits are invalid if the error (1) was committed with an intent to deceive the magistrate (whether or not the error was material to the showing or probable cause); or (2) made nonintentionally, but the erroneous statement is material to the establishment of probable cause. United States v. Thomas, 489 F.2d 664 (5th Cir.1973), cert. denied 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64 (1975).
We first find that the affidavit did not contain the alleged misrepresentations as evidenced by the testimony presented at the hearing on the motion to suppress. Secondly, measuring the affidavit against the above standard, any inaccuracies contained therein were not of such magnitude as to render the wiretap order invalid. See Stipp v. State, 355 So.2d 1217, 1219 (Fla. 4th DCA 1978).
Hudson's third ground for her motion to suppress is that the application was deficient in providing a full and complete statement about other investigative techniques as required by Section 934.09(1)(c), Florida Statutes (1975).[3]
This requirement is intended to ensure that wiretap authorization procedures were not to be routinely employed as the initial step in criminal investigation; however, it is not necessary to show a comprehensive *903 exhaustion of all possible techniques. United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974). The court in United States v. Hyde, 574 F.2d 856 (5th Cir.1978) succinctly stated with regard to this statutory requirement:
"In short, courts will not invalidate a wiretap order simply because defense lawyers are able to suggest post factum some investigative technique that might have been used and was not. It is enough if the affidavit explains the prospective or retrospective failure of several investigative techniques that reasonably suggest themselves." Id. at 867.
Contrary to defendant's contention we find the affidavit sufficient in this respect. The affidavit asserted that between February 16 and April 11, 1976, 25 surveillances were conducted at Hudson's residence and at least one police officer was seen and suspected by a person known to be an associate of Hudson's. At the suppression hearing the affiant, Officer Stone, testified that because of the location of the residence surveillance was virtually impossible and proved counterproductive. It could, therefore, be reasonably concluded that normal investigative procedures had been tried and failed, and that further normal investigation was not likely to succeed. Cf. United States v. DiMuro, 540 F.2d 503, 511 (1st Cir.1976).
We next considered the fourth ground that the wiretap authorization was invalid because it did not meet the specificity requirement of Section 934.09(5), Florida Statutes (1975) and was not sufficiently limited in purpose. We cannot agree.
With respect to the matter of specificity, the case of United States v. Cohen, 530 F.2d 43 (5th Cir.1976) sets out the following two guidelines: the authorization order must be broad enough to allow interception of any statements concerning a specified pattern of crime and in determining whether the order and application are sufficiently particular, the papers as a whole must be considered, including especially those portions which recite facts intended to establish probable cause. Reviewing the affidavit of application and the authorization as a whole, we find the authorized purpose of the wiretap (to intercept telephone voice communications related to or concerning the sale and traffic of cocaine, marijuana and other controlled substance) to meet the statutory requirements of particularity.
We likewise find the wiretap to be sufficiently limited in duration as gleaned from paragraph # 8 of the wiretap order.[4] See U.S. v. Cohen, 530 F.2d 43, 46 (5th Cir.1976), supra, and cf. United States v. Steinberg, 525 F.2d 1126, 1131-32 (2nd Cir.1975).
Closely related to the preceding is the fifth ground for reversal that the wiretap order lacked a proper description of the communications to be intercepted as required by Section 934.09(1)(b) and (5), Florida Statutes (1975). These sections require that the intrusions of the privacy of those persons whose communications are intercepted be held to a minimum (consistently with the purposes of the wiretap). United States v. Hyde, 574 F.2d 856, 869 (5th Cir.1978), supra. If this requirement is blatantly disregarded, the information obtained through the wiretap may be suppressed. Rodriguez v. State, 297 So.2d 15, 19-22 (Fla. 1974), supra. The authorization order contained a minimization provision[5] and, therefore, it must be determined whether the persons who intercepted the communications did so in a manner designed to minimize the interception of nonpertinent conversations.
The officers who monitored the calls in the case at bar testified that it was their understanding they could listen to conversations involving narcotics transactions *904 and were instructed not to record personal calls. The criminal activity under investigation being a large and complex conspiracy, extensive monitoring of the calls was appropriate and we find the minimization requirement was met. Cf. United States v. Daly, 535 F.2d 434 (8th Cir.1976) and United States v. Hyde, 574 F.2d 856, 869-70 (5th Cir.1978), supra.
We also examined Hudson's final ground for reversal and conclude it is without merit.
For the reasons stated the conviction and denial of the motion to suppress are affirmed.
Affirmed.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would reverse the conviction herein and remand the cause to the trial court with directions to allow the defendant to withdraw her nolo contendere plea and grant her motion to suppress. In my view, the wiretap evidence obtained by the police was unreasonably seized in violation of the defendant's rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Section 12, of the Florida Constitution and Sections 934.09(3), (4), Florida Statutes (1977), and should have been suppressed. It is further my view that there was no probable cause for the issuance of the search warrant in this cause as it was based entirely upon the above unlawfully obtained wiretap evidence, and that the evidence seized pursuant to said warrant should have also been suppressed as it constituted the fruit of the poisonous tree. Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939).
The wiretap evidence and all evidence fatally tainted thereby was subject to suppression for two reasons: (1) the probable cause facts contained in the affidavit for the wiretap order were stale and could form no basis for a probable cause belief at the time the wiretap order issued that the defendant was presently violating or about to violate the narcotics drug laws, and that the defendant's telephone sought to be wiretapped was being used or about to be used in connection with the commission of such offenses, and (2) the wiretap order is a general warrant in that it orders the seizure of all voice communications over the defendant's telephone with no limitation as to the criminal subject matter of such communications.

A
The wiretap order was issued in this case on April 14, 1976. It was based on a police officer's affidavit[1] which, viewed in the light most favorable to the state, Taylor v. State, 355 So.2d 180, 185-186 (Fla. 3d DCA 1978); Rodriquez v. State, 189 So.2d 656, 660 (Fla. 3d DCA 1966), contained reliable confidential informer information detailing a continuous course of illegal drug activity at the defendant's house beginning in August 1974 and ending January 23, 1976. It is therefore undisputed that 81 days elapsed between the last illegal act of the defendant and the issuance of the wiretap order. There was no subsequent police surveillance nor information learned which indicated that the defendant committed any illegal act during the above 81 day period. In my view, this long, unexplained lapse in time rendered the affidavit stale and could form no basis for a probable cause belief, as opposed to a mere suspicion, that on April 14, 1976, the defendant was committing or about to commit an illegal act relating to drugs and that she would use the telephone to do so.
The law is well-settled that an application in support of a wiretap order must establish probable cause to believe that the accused is committing or about to commit certain enumerated offenses [i.e. narcotic and other *905 drug law violations] and that the telephones sought to be wiretapped are being used or about to be used in connection with the commission of such offense. Mere suspicion of current criminal activity or probable cause solely as to past criminal activity is insufficient. Rodriguez v. State, 297 So.2d 15 (Fla. 1974); § 934.09(3), Fla. Stat. (1977).
An affidavit in support of a wiretap order does not state probable cause if it recites facts of criminal activity which are stale by the time the wiretap order issues. Barring extraordinary circumstances which may be shown to exist in any given case, the pattern has been rather clearly established in the courts of this country that if the observation of the alleged offense is not further remote than 30 days from the making of the affidavit and the issuance of a warrant, a finding that there exists probable cause will not be disturbed. The contrary appears where the elapsed time is more than 30 days from the date of the observation to the date on which the affidavit is executed and the warrant issued. Rodriguez v. State, 297 So.2d 15 (Fla. 1974); Hamelmann v. State, 113 So.2d 394 (Fla. 1st DCA 1959).
In the instant case, 81 days elapsed from the last observed offense on the defendant's premises and the issuance of the wiretap order. The state's brief combined with the court's independent research herein fails to cite a single case in this state which has ever sustained a wiretap order or search warrant based on an affidavit with a delay anywhere near the 81 day delay in this case. Indeed, such affidavits have generally been struck down as stale. Rodriguez v. State, 297 So.2d 15, 18 (Fla. 1974); Anno., 100 A.L.R.2d 525, 531-543 (1965), supplemented by 92-100 A.L.R.2d, Later Case Service 619, 619-623 (1976). Contra: United States v. Brinklow, 560 F.2d 1003 (10th Cir.1977); United States v. Steeves, 525 F.2d 33 (8th Cir.1975). I fail to see how this case is so unique, so extraordinary that it deserves to stand apart from all other cases in Florida as well as the weight of authority throughout the country on this subject.
I recognize that the affidavit herein sets forth a continuing course of illegal drug activity extending over many months prior to the last known illegal act, and that such evidence does present "extraordinary circumstances" which relaxes the admittedly flexible 30 day rule stated above based on past case law. But that hardly justifies an indefinite suspension of the rule. There comes a point in time when evidence of continuing criminal conduct becomes stale depending on the facts of the case. It seems clear to me that the 81 day delay subsequent to such conduct herein greatly exceeds that point in time.

B
The wiretap order in this case must also fall because it is a general warrant. It authorizes certain named police officers to wiretap the defendant's telephone and states that "[t]he type of communications sought to be intercepted is or are voice communications." The order in no way limits the subject matter of the conversations to be intercepted to illegal drug activity or any other criminal offense. The absence of such an express limitation amounts to a general warrant and is prohibited by the Fourth and Fourteenth Amendments to the United States Constitution. Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967); Marron v. United States, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927) ("The [constitutional] requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer.") It is also prohibited by Article I, Section 12 of the Florida Constitution which provides that "[n]o warrant shall be issued except upon probable cause, supported by affidavit, particularly describing ... the communication to be intercepted, and the nature of the evidence to be obtained." See Tollett v. State, 272 So.2d 490, 492-93 (Fla. 1973). It is finally prohibited by Section 934.09(4)(c), Florida Statutes (1977), which requires that wiretap orders must *906 contain "[a] particular description of the type of communication sought to be intercepted and a statement of the particular offense to which it relates." As such, the wiretap order is clearly invalid.
The court's reliance herein on all the provisions of the wiretap order and supporting affidavit when taken as a whole cannot save the order by supplying the above specificity omitted therefrom. There is no statement in any part of the wiretap order which limits the subject matter of the communications to be intercepted; indeed, the order expressly authorizes the seizure of all voice communications over the defendant's telephone. Moreover, the wiretap order does not expressly incorporate the supporting affidavit by reference, and, under the authority of Bloom v. State, 283 So.2d 134, 136 (Fla. 4th DCA 1973),[2] the affidavit can form no part of the order.

C
I concur in the balance of the court's opinion herein. The defendant in her brief and oral argument places inordinate emphasis on alleged misstatements of fact in the supporting affidavit. I agree with the court that such misstatements, if any, were insufficient to upset the wiretap order herein. I would, however, place my rejection of this contention on the controlling authority of Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978),[3] rather than relying, as the court herein does, on United States v. Thomas, 489 F.2d 664 (5th Cir.1973), which Franks supersedes.
I would reverse.
NOTES
[1] which includes the offenses in the present case.
[2] obtained from the telephone company by court order.
[3] "(c) A full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous; ..."
[4] "8) The authorized interception will terminate upon attainment of the authorized objective, or in any event in thirty (30) days from the signing of this Order."
[5] "7) The authorized interception shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under applicable State or Federal law."
[1] The state also relies on certain other facts testified to at the hearing on the motion to suppress to support the probable cause basis for the issuance of the wiretap order herein. These facts, however, were neither included in the wiretap affidavit nor otherwise presented to the issuing magistrate. As such, these facts can form no part of the alleged probable cause for the issuance of the wiretap order. §§ 934.09(1), (2), (3), Fla. Stat. (1977).
[2] "There is a fundamental distinction between a search warrant and the underlying or supporting affidavit, and the affidavit is not necessarily either part of the warrant nor available for defining the scope of the warrant. (citation omitted.) Therefore, even if the affidavit which supported the warrant was sufficiently detailed, it would not cure the defect in the search warrant consisting of a failure to describe items to be seized with particularity, since specificity is required in the search warrant so that the discretion of the officer executing the search warrant is limited. (citations omitted.)

Some decisions, however, have permitted an affidavit to cure a defective search warrant where the affidavit and the search warrant are such that they can be reasonably said to constitute one document. Two requirements must be satisfied to reach this result: first, the affidavit and search warrant must be physically connected so that they constitute one document; and second, the search warrant must expressly refer to the affidavit and incorporate it by reference using suitable words of reference." Bloom v. State, 283 So.2d 134, 136 (Fla. 4th DCA 1973).
[3] "[W]e hold that, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." Franks v. Delaware, 438 U.S. 154, 155-156, 98 S.Ct. 2674, 2676-2677, 57 L.Ed.2d 667, 672 (1978).