BERANEK, Judge.
This is an appeal by the State from an order granting appellees’ motions to suppress oral and wire communications. The content of these communications were seized by the State pursuant to a prior wiretap authorization. We affirm.
In pursuing an investigation surrounding a conspiracy to smuggle marijuana, the State applied to the Circuit Court for a wiretap authorization. The wiretap authorization was issued on the basis of a police officer’s affidavit. The primary basis for the authorization was a prior wiretap allegedly ordered by a trial court in the State of New Jersey in criminal proceedings there. The affidavit supporting the Florida application stated that the New Jersey court order was attached as an exhibit. In fact, the New Jersey court order was not attached as an exhibit. Instead, through an admitted error, an application for a tap on some different phone in the State of New Jersey was attached.
After the Florida tap was authorized and certain conversations recorded, the defendants moved to suppress on grounds that probable cause had not existed to issue the tap authorization in the first place due to the absence of the New Jersey court order. The trial court granted the motion to suppress after a hearing in which the State conceded that the New Jersey court order had mistakenly been omitted from the application. The State called no witnesses at the hearing on defendants’ motion to suppress and merely argues on appeal that the mistake was inadvertent. We do not find anything in the record on the question of inadvertence and certainly, after admitting the mistake, it was the State’s burden to show how it occurred and to cure what is now urged to have been a clerical error.
There is no evidence regarding how or why the mistake occurred. At no time has the State ever introduced the New Jersey court order in question. To this date; we are not aware that such an order even exists. There was more than adequate evidence presented by appellee before the trial court that the initial issuing judge would have ruled differently if the mistake as to the exhibit had been pointed out.
We conclude that the Florida wiretap authorization was based on the New Jersey Court order. The affidavit erroneously stated this order was attached. Since the record does not even reflect the existence of such an order, the trial court properly suppressed the evidence seized pursuant to the authorization. See Hudson v. State, 368 *583 So.2d 899 (Fla. 3d DCA 1979), cert. denied 378 So.2d 345 (Fla.1979). This situation is to be distinguished from State v. Brainard, 376 So.2d 864 (Fla. 2d DCA 1979), where the missing information had little to do with the substance of the affidavit, and State v. Buffa, 347 So.2d 688 (Fla. 4th DCA 1977), where a one digit error in a defendant’s street address was held to be insufficient. Here, the New Jersey court order was crucial to issuance of the authorization.
The evidence presented at the hearing on the motion to suppress adequately supports the trial court’s finding that the documentary basis before the issuing judge was insufficient to establish probable cause. Thus, the motion to suppress was properly granted and the trial court’s ruling is affirmed.
AFFIRMED.
LETTS, C. J.,* and SIMONS, STUART M., Associate Judge, concur.