HURLEY, Judge.
The state appeals the suppression of evidence obtained pursuant to an order authorizing the use of an electronic listening device. The trial judge determined that the wiretap order was overbroad and that the state failed to exhaust all investigative leads. We reverse.
While conducting investigations into certain drug operations, the state applied for an order authorizing a wiretap to be placed on two telephones within a residence located in Lantana, Florida. The application and accompanying affidavits were reviewed by a judge who, after finding probable cause, signed and issued the order.
Section 934.09(4)(c), Florida Statutes (1981) requires that each order authorizing the interception of any wire or oral communication specify “a particular description of the type of communication sought to be intercepted and a statement of the particular offense to which it relates.” The order in this case authorized interception of
[conversations pertaining to violations of the laws of this State relating to dealings in dangerous drugs and conspiracy to deal in dangerous drugs. The Court specifically authorizes such interceptions as may be necessary to achieve the objectives described in Paragraph 6 of the application.
The reviewing judge found the foregoing provision to be overbroad because it failed to specify the subject matter to be intercepted, (conversations about marijuana) with sufficient particularity. We respectfully disagree.
The Fifth Circuit dealt with a similar situation in United States v. Cohen, 530 F.2d 43 (5th Cir.), cert. denied, 429 U.S. 855, 97 S.Ct. 149, 50 L.Ed.2d 130 (1976). There, the court upheld an order authorizing the interception of
any and all conversations having discussions related to or concerning sale, possession, smuggling, or unauthorized trafficking in narcotics and dangerous drugs, in violation of Chapter 893 Florida Statutes.
Id., at 45.
In so holding, the court followed the Second Circuit which had held that
a pragmatic approach has been taken with respect to the particularity requirement. A specific crime or a specific series of related crimes must be identified. Although the nature and type of the anticipated conversations must be described, the actual content need not and cannot be stated since the conversations have not yet taken place at the time the applica *127 tion is made and it is virtually impossible for an applicant to predict exactly what will be said concerning a specific crime.... The order must be broad enough to allow interception of any statements concerning a specified pattern of crime. In determining whether the order and application are sufficiently particular, the papers as a whole must be considered, including especially those portions which recite facts intended to establish probable cause.
United States v. Tortorello, 480 F.2d 764, 780 (2d Cir.), cert. denied, 414 U.S. 866, 94 S.Ct. 63, 38 L.Ed.2d 86 (1973).
Viewing the application, affidavits and order in this case, we hold that the wiretap order satisfied the requirement of particularity.
The trial court also found that the order had been improperly issued because the state had not exhausted all investigative leads. Section 934.09(l)(c), Florida Statutes (1981) requires that each application include a complete statement as to whether other investigative procedures have been tried and or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous. This “exhaustion requirement” is intended to ensure that wiretap procedures are not routinely used as the initial step in a criminal investigation. However, it is not necessary to show that all possible techniques or alternatives have been exhausted. State v. Birs, 394 So.2d 1054 (Fla. 4th DCA 1981); Hudson v. State, 368 So.2d 899 (Fla. 3d DCA 1979). The application in the case at bar amply demonstrates that normal investigative procedures had been tried and had failed, and that further investigation was not likely to succeed. Consequently, we conclude that the trial court imposed too stringent a standard when it found that the exhaustion requirement had not been satisfied.
Accordingly, the order of suppression is reversed and the cause is remanded for further proceedings, consistent with this opinion.
REVERSED and REMANDED.
HERSEY and DELL, JJ., concur.