438 So.2d 896 (1983)
Henry SMITH and Torie Brandow, Appellants,
v.
STATE of Florida, Appellee.
No. 82-2236.
District Court of Appeal of Florida, Second District.
September 16, 1983.
Rehearing Denied October 20, 1983.
*897 Richard Mars and Jack T. Edmund of Edmund & McDaniel, Bartow, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellants' convictions for possession of cocaine and marijuana depended upon the validity of a search warrant. Their attack on the warrant was predicated primarily upon the staleness of facts set forth in the affidavit.
The affidavit for the warrant was signed on May 26, 1982, and the warrant was issued the same day. The affidavit first recited that the affiant was a narcotics investigator for the sheriff's office and detailed the affiant's experience in combating the trafficking of controlled substances. As a basis for probable cause, the affidavit then stated:
On 16 February 1982, your affiant was working in an undercover capacity in the Plant City area. At approximately 2:30 pm [sic] your affiant met with a black male known as "Quasar" at his residence of 805 1/2 South Thomas Street. The purpose of the meeting was to purchase a gram of cocaine. Your affiant made two previous purchases of cocaine from said subject at his residence and as in previous meetings, the subject said that he would have to go and obtain the cocaine from another location. The subject advised your affiant that he would bring the cocaine to a residence at 501 Ball Street, apartment number six, where your affiant resided in an undercover capacity. The subject "Quasar" received money from your affiant and left the scene in his vehicle, a 1965 Chevrolet Impala two door, bearing Florida license "NGE-158." Detective Jessie observed the subject arrive on Ohio Street at approximately 2:36 pm [sic] and walk towards a duplex apartment building. Subject "Quasar" left after approximately sixty seconds and arrived at 501 Ball Street, apartment number six, at 2:41 pm [sic] where he delivered one gram of cocaine to your affiant. Your affiant personally ran a field reagent test on said cocaine which showed positive.
On April 20, 1982, at approximately 5:10 pm [sic] Detective Tommy Jessie went to the residence of the subject "Quasar" and again discussed a purchase of cocaine. The subject, as in the previous transactions, received money from Detective Jessie and proceeded to go and obtain the cocaine while Detective Tommy Jessie remained at his residence of 805 1/2 South Thomas Street. Detective Jessie observed the subject leave and he was followed to the address of 506 East Ohio Street by Detective M. Harrison. Detective Harrison advised your affiant that the subject went directly to the address on Ohio Street when he departed from Detective Jessie. Your affiant observed the subject known as "Quasar" enter apartment number two of the duplex at 506 East Ohio Street where he emerged after approximately sixty seconds. The subject went directly to his vehicle and left the scene west bound on Ohio Street. Detective Harrison and your affiant servailled [sic] the subject while he proceeded directly to his residence and delivered .5 grams of cocaine to Detective Jessie. Detective T.E. Jessie performed a field reagent test on the said cocaine which showed positive.
Based on the above, your affiant has reason to believe and does believe that the residence described in Exhibit "A" is being used as a storehouse for controlled substances, to-wit: cocaine, contrary to the laws of the state of Florida.
Thus, the last transaction referred to in the affidavit occurred thirty-six days before the issuance of the search warrant.
The length of time between the events relied upon to obtain a search warrant and the date of issuance bears upon probable cause. Sgro v. United States, 287 U.S. 206, *898 53 S.Ct. 138, 77 L.Ed. 260 (1932). Generally, as the time period increases there is less likelihood that the items sought to be seized will be found on the premises described in the warrant. See 100 A.L.R.2d 525 (1965). The rule of thumb is thirty days, but each case must be decided upon its own particular circumstances. Rodriguez v. State, 297 So.2d 15 (Fla. 1974); Hamelmann v. State, 113 So.2d 394 (Fla. 1st DCA 1959). Evidence of an on-going pattern of criminal activity may justify an extended time lapse. Hudson v. State, 368 So.2d 899 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 345 (Fla. 1979); Hess v. State, 309 So.2d 606 (Fla.App. 1975).
The affidavit reflects that the undercover officer had made four purchases of cocaine from Quasar. In each instance, after agreeing upon the sale, Quasar went to another location to obtain the cocaine. On the last two transactions, he was observed going to the apartment described in the search warrant. He stayed in the apartment for a short period of time and then delivered the cocaine directly to the affiant. It was logical to assume that Quasar obtained the cocaine from the same source on the prior occasions. We conclude that the affidavit contained sufficient probable cause to believe that as of the date of the warrant cocaine would be found stored on the described premises.
AFFIRMED.
OTT, C.J., and RYDER, J., concur.