PER CURIAM.
Appellant in this case has pleaded no contest to bookmaking and conspiracy, has been sentenced, and appeals the denial of his motion to suppress the fruits of a wiretap search made pursuant to a judicial wiretap order. There is no issue that appellant properly reserved the right to appeal when he entefed his no contest pleas.
The phone line which was tapped was the apparent residence of a person other than appellant, and there is no indication in the record that appellant had any possessory or proprietary interest in that residence. Appellant attacks the wiretap order as being improperly issued and argues that the evidence acquired as a result thereof should have been suppressed.
Appellant’s first argument urges error because appellant’s name was not mentioned in the affidavit which supported issuance of the wiretap order. A fair reading of the record discloses no evidence which would establish probable cause to believe appellant was involved in the bookmaking operation which was under investigation. In fact, the only conclusion which can be drawn from the evidence in the record is that the police officers had only a “gut feeling” that appellant might be involved in the bookmaking operation and that there was no reasonable expectation that appellant’s conversation would be intercepted by the wiretap. We conclude that there is no legal requirement under the facts of this case that appellant be named in the affidavit in order for the fruits of wiretap search to be admissible against him.
Appellant further contends that the state did not exhaust traditional investigative techniques or at least did not show that normal investigative techniques had failed or were unlikely to succeed, as is required by Section 934.09(l)(c), Florida Statutes. This argument is without merit because Section 934.09(l)(c) is satisfied if wiretapping appears to be the most reasonable investigative technique under the circumstances to secure other and conclusive evidence of criminal involvement, and it is not necessary that the state show that all possible techniques or alternatives have been exhausted. The record shows that the informant who gave the initial information which caused the investigation to commence refused to testify before the grand jury, that he did not want his identity disclosed, and that surveillance of the suspect residence had been unfruitful. It further appears from the record that execution of a physical search warrant or interviewing neighbors probably would have been unfruitful and would only have alerted those involved in the bookmaking operation to the existence of the investigation. Thus wiretapping appears from this record to be the most reasonable investigative technique under the circumstances. See Smith v. State, 438 So.2d 10 (Fla. 2d DCA 1983); State v. Weedon, 425 So.2d 125 (Fla. 4th DCA 1982).
Finding no merit in either of appellant’s contentions and no error in the trial court’s *1208 denial of the motion to suppress, the order and subsequent judgment and sentence appealed are AFFIRMED.
ANSTEAD, C.J., DELL, J., and GEIGER, DWIGHT L., Associate Judge, concur.