637 So.2d 267 (1994)
Chester F. HAWORTH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02063.
District Court of Appeal of Florida, Second District.
April 15, 1994.
Rehearing Denied May 20, 1994.
Philip S. Prosch of Surfus & Prosch, Sarasota, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Chester F. Haworth, challenges the denial of his motion to suppress evidence against him, arguing that the affidavit in support of a warrant to search his residence failed to establish probable cause to conduct such a search. We agree and reverse.
On September 25, 1992, a detective from the Sarasota County Sheriff's Department obtained, and thereafter executed, a search warrant for Haworth's residence. The affidavit in support of the warrant asserted that the detective had been contacted by two postal inspectors, who advised that a pornographic videotape had been recovered from another postal employee. According to the affidavit, the pornography depicted on the tape involved Haworth, who was also a post office employee, and a female, who was possibly underage. A label on the videotape bore the date May 6, 1991, which was more than sixteen months prior to the date on which the affidavit was being submitted. From that label, the detective concluded that the activities depicted on the videotape must have taken place on May 6, 1991, and, given the nature of the activity, established probable cause to charge Haworth with lewd and lascivious acts upon a child under sixteen.
At the hearing on Haworth's motion to suppress, the detective who prepared the affidavit testified that, based on his experience with those who sexually abuse and exploit children, Haworth was probably the type who would retain his pornographic contraband. The detective therefore determined, upon submitting the affidavit at issue, that there was probable cause to suspect that pornographic material would currently be found at Haworth's residence.
In Smith v. State, 438 So.2d 896 (Fla. 2d DCA 1983), this court stated:
The length of time between the events relied upon to obtain a search warrant and the date of issuance bears upon probable cause. Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932). Generally, as the time period increases there is less likelihood that the items sought to be seized will be found on the premises described in the warrant. See 100 A.L.R.2d 525 (1965). The rule of thumb is thirty days, but each case must be decided upon its own particular circumstances. Rodriguez v. State, 297 So.2d 15 (Fla. 1974); Hammelmann v. State, 113 So.2d 394 (Fla. 1st DCA 1959). Evidence of an ongoing pattern of criminal activity may justify an extended time lapse. Hudson *268 v. State, 368 So.2d 899 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 345 (Fla. 1979); Hess v. State, 309 So.2d 606 (Fla. App. 1975).
The instant record shows that though the videotape cassette bore a label with the date May 6, 1991, the officer who submitted the aforementioned affidavit on September 25, 1992, had absolutely no information before him as to when the events depicted on the tape actually occurred. He also had no idea whether such activities continued to occur since the tape was made. Thus, since the events at issue were, at a very minimum, more than sixteen months old and since there was no evidence, beyond speculation, of an ongoing pattern of criminal activity, the evidence upon which the instant search warrant was based, was stale pursuant to Smith and Sgro. We, therefore, find the trial court erred in denying Haworth's motion to suppress.
Accordingly, the instant cause is reversed and remanded for proceedings consistent with this opinion.
HALL, A.C.J., and THREADGILL and FULMER, JJ., concur.