907 So.2d 626 (2005)
Gary BRACHLOW, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-296.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
*627 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant was charged by Information, along with a co-defendant, with purchase of cannabis, possession of more than 20 grams of cannabis, and use or possession of drug paraphernalia.[1] Appellant pled no contest to the charges, but reserved his right to appeal the denial of his motion to suppress.
In his motion to suppress, appellant alleged that on January 8, 2002, he was the subject of a search warrant from which various items, including marijuana and various pieces of "legal pornography," were seized from his residence. He claimed that the search warrant affidavit *628 was based on the uncorroborated statements of one witness. We affirm.
On February 1, 2002, Special Agent Terry Thomas of the Florida Department of Law Enforcement and Detective Sergeant Jim Eisenhut of the Indian River County Sheriff's Office filed an application and affidavit for a search warrant of premises occupied or under the control of appellant. The affiants alleged that on January 4, 2002, they interviewed the victim, a young male who lived with appellant and his co-defendant from June 1997 until May 1998. The victim stated that he was molested by both appellant and his co-defendant approximately once a day until he moved out. He stated that on three different occasions, videotapes were made of the sexual abuse. Appellant showed him the videotapes. The victim stated that all three videotapes were kept in a safe located in the family room closet and that appellant placed them there in December 1997.
Special Agent Thomas, a nationally recognized expert in the area of physical and sexual abuse investigations, stated that many sex offenders who make videotapes depicting child pornography and other child erotica often keep them as souvenirs and preserve them. Both agents opined that based on their experience and training, appellant and his co-defendant possessed child pornography and that a search team would possibly discover evidence of numerous victims of sexual exploitation. Following the execution of the warrant, drugs and videotapes were found at appellant's residence.
In denying the motion to suppress, the trial court found that, based on the totality of the circumstances, the application and affidavit for a search warrant stated probable cause to justify its issuance. The court relied upon the expert testimony of Special Agent Thomas and noted that persons who commit sexual abuse frequently keep "trophies" to memorialize the abuse and that it was not unreasonable to conclude that probable cause existed despite the passage of time between the last sighting of the "trophies" and the issuance of the search warrant.
Although an appellate court must accept the trial court's findings of historical fact when reviewing the denial of a suppression motion, it must review de novo its application of established law to those facts. See McNamara v. State, 357 So.2d 410, 412 (Fla.1978).
In determining whether probable cause exists to justify a search, the trial court must make a judgment, based on the totality of the circumstances, as to whether from the information contained in the warrant there is a reasonable probability that contraband will be found at a particular place and time. See Pagan v. State, 830 So.2d 792, 806 (Fla.2002)(citing Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). In Gates, the court stated:
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.
Gates, 462 U.S. at 238-39, 103 S.Ct. 2317. This determination must be made by examination of the four corners of the affidavit. See Pagan, 830 So.2d at 806.
In this case, the trial court determined that, based upon the totality of the circumstances, there was a "fair probability" that the video tapes in question were still located at appellant's residence. *629 While appellant claims that the information provided in the affidavit for the search warrant was stale because the victim last observed the videotapes in December 1997 and the warrant was not obtained until January 2002, videotapes, unlike drugs, are non-consumable items. Therefore, it is more reasonable to assume that such an item will still be present in a defendant's house even after a substantial passage of time. See State v. Enstice, 573 So.2d 340, 343 n. 2 (Fla. 5th DCA 1990)(recognizing that "some courts have identified a propensity for the hoarding of pornography depicting children in sexual situations"). While the passage of time is an important factor in support of the existence of probable cause, it is not the only factor. See Cruz v. State, 788 So.2d 375, 379 (Fla. 4th DCA 2001).
In support of his staleness argument, appellant relies upon Haworth v. State, 637 So.2d 267 (Fla. 2d DCA 1994); however, we find that case distinguishable. In Haworth, the court concluded that a sixteen-month time lapse between the time that a videotape was made and the time the search warrant was obtained resulted in a stale warrant. In that case, two postal employees obtained a pornographic videotape from another employee. The court held that the information was stale since the officer who submitted the affidavit had absolutely no information as to when the events depicted on the tape actually occurred and whether such activities continued to occur since the tape was made.
Unlike Haworth, the victim in this case knew when the videotapes were made, saw the videotapes, and knew that appellant stored them in a safe in the family room closet. From the testimony of Special Agent Thomas, an expert in sexual abuse investigations, it was highly likely that a sexual offender, such as appellant, would keep child pornography hidden but readily accessible and that such material was not destroyed. While some courts may conclude that the time period in this case was too remote and thus the warrant stale, it was clearly permissible for the court in this case to consider this evidence in reaching the conclusion that the warrant was not stale. See Cano v. State, 884 So.2d 131, 135 n. 5 (Fla. 2d DCA 2004), review denied, 898 So.2d 79 (Fla.2005)(evidence of deputy's experience, knowledge and beliefs about the tendencies of child sexual offenders who used computers and cameras was permissible to determine the scope of the search and to conclude that the other evidence supporting the search was not stale).
Further, federal courts have recognized that in child pornography cases a substantial lapse of time does not render a search warrant stale. The mere lapse of substantial amounts of time is not controlling of a question of staleness. See United States v. Lacy, 119 F.3d 742, 745 (9th Cir.1997). Staleness is to be evaluated in light of the particular facts of the case and the nature of the criminal activity and property sought. See id. The information offered in support of the application for a search warrant is not stale if there is a sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises. See id. at 745-46 (there was good reason to believe that child pornography was still in the defendant's apartment ten months after it was downloaded by the defendant); see also United States v. Zimmerman, 277 F.3d 426, 434 (3d Cir.2002)(Pedophiles rarely, if ever, dispose of child pornography. Many courts have similarly accorded weight to the fact that individuals protect and retain child pornography for long periods of time because it is illegal and difficult to obtain).
*630 Based on the totality of the circumstances, the trial court properly concluded that there was a fair probability that the videotapes depicting sexual activity between appellant and the victim, and which were kept in a safe known to the victim, were still at appellant's residence.
Affirmed.
STEVENSON, C.J., and GROSS, J., concur.
NOTES
[1] In a companion case, appellant was charged and convicted of sexual activity with a minor occurring between May 1, 1997 through June 19, 1998.