[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2008
THOMAS K. KAHN
CLERK

No. 07-14146
Non-Argument Calendar

_____

D. C. Docket No. 06-14229-CV-DLG

ALAN MACKERLEY,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 3, 2008)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Alan Mackerley ("Mackerley"), a counseled Florida state prisoner, appeals

from the denial of his federal habeas petition filed pursuant to 28 U.S.C. § 2254. The

district court issued a certificate of appealability for the following issue: whether trial counsel was constitutionally ineffective at Mackerley's pretrial suppression hearing by failing to argue that the state did not demonstrate that it satisfied the necessity requirement of the Florida wiretap statute, section 934.09(1)(c) of the Florida Statutes. Mackerley argues that because the state failed to meet the necessity requirement, the evidence derived from the wiretap should have been suppressed, which would have led to a different outcome in his trial. For the reasons explained below, we affirm the district court's denial of Mackerley's petition.

## I. DISCUSSION

"Whether a criminal defendant has received effective assistance of counsel is a mixed question of fact and law." Conklin v. Schofield, 366 F.3d 1191, 1201 (11th Cir. 2004). Accordingly, we review the district court's findings of historical facts underlying the ineffective assistance of counsel claim for clear error, and review de novo the court's determination of whether trial counsel's performance was constitutionally deficient. Id. Under 28 U.S.C. § 2254(d), we may not grant habeas relief when a state court has already adjudicated the claim on the merits, unless the state court's interpretation is contrary to or an unreasonable application of clearly established federal law, or involves an unreasonable determination of facts. 28 U.S.C. § 2254(d) (2006). However, when the state court has not ruled on the merits

of the claim at issue, deference to the state court decision is not required.  Davis v.

Sec'y for the  Dep't of Corrs., 341 F.3d 1310, 1313 (11th Cir. 2003) (holding that

deference to the state court decision was not required because the court had not ruled

on the merits of defendant's claim).  Here, the state court did not address the merits

of Mackerley's ineffective assistance of counsel claim, and it is not clear whether the

court ruled on the merits of Mackerley's underlying lack of necessity claim.[1]

Therefore, we review Mackerley's claim before this Court with no deference to the

state court decisions.  However, the outcome of Mackerley's appeal would be the

same even if deference were required, because we find that Mackerley is not entitled

to habeas relief.

To demonstrate ineffective assistance of counsel, the petitioner must show both

that counsel's performance was objectively unreasonable and that counsel's deficient

performance prejudiced the petitioner's case.  Kimmelman v. Morrision, 477 U.S.

365, 375, 106 S. Ct. 2574, 2582-83 (1986).  When deciding whether counsel's

---

[1] In its order denying post-conviction relief to Mackerley, the state court noted that Mackerley had raised his lack of necessity claim on direct appeal.  The appellate court did not address the lack of necessity claim but upheld the wiretap and the denial of the motion to suppress.  The state court ruling on the post-conviction motion held that Mackerley could not re-litigate issues already raised on direct appeal, and rejected the ineffective assistance of counsel claim as an improper attempt at re-litigation.  Therefore, the post-conviction court did not rule on the merits of the ineffective assistance of counsel claim.  While Mackerley raised the lack of necessity issue before the appellate court, it is not clear that that court adjudicated the merits of that claim.  Appellees have not contended on appeal that our review should be impacted by these Florida court decisions.

3

performance was deficient, courts operate under a strong presumption that counsel's conduct was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. 668, 689-90, 104 S. Ct. 2052, 2065-66 (1984). A court may find that counsel's performance was unreasonable only if the petitioner shows "that no competent counsel would have taken the action that his counsel took." Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000).

In this case, law enforcement placed a wiretap on Mackerley's phone, which led them to William Anderson ("Anderson"). Anderson was the state's key witness at trial. Before trial, Mackerley's counsel filed a motion to suppress the evidence obtained through the wiretap, including Anderson's testimony, on two grounds: lack of probable cause and failure to minimize the recorded conversations. At the hearing on the motion to suppress, the agent who submitted the wiretap affidavit testified that law enforcement would have found Anderson without the wiretap, using traditional investigative techniques. Mackerley argues that this statement demonstrates that the statutory requirement of necessity for a wiretap was not met.[2] Mackerley's counsel

---

[2]Section 934.09(c) of the Florida Statutes requires that each application for a wiretap includes "[a] full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." Information obtained through an improper wiretap may not be used in any proceeding. Fla. Stat. Ann. § 934.06 (West 2008).

did not amend the motion to suppress or otherwise attempt to use the agent's testimony to exclude the wiretap evidence based on lack of necessity. Mackerley contends that the failure to attack the wiretap evidence on these grounds renders his counsel's performance constitutionally deficient.

We cannot agree. Florida courts have stated that the necessity requirement exists "to ensure that wiretap procedures are not routinely used as the initial step in a criminal investigation." See, e.g., Weedon v. State, 425 So. 2d 125, 127 (Fla. Dist. Ct. App. 1982). However, officers seeking a wiretap are not required to exhaust every other investigative technique before seeking wiretap authorization. Id. Rather, the officers must show that other techniques have been tried and failed or that such techniques have not been tried but are likely to fail. Daniels v. State, 381 So.2d 707, 711 (Fla. Dist. Ct. App. 1979). In short, a wiretap is appropriate when the officers can demonstrate "[t]hat wiretapping appears the most reasonable investigative technique under the circumstances to secure other and conclusive evidence of criminal involvement." Id. at 711-12. In addition, "courts will not invalidate a wiretap order simply because defense lawyers are able to suggest post factum some investigative technique that might have been used and was not. It is enough if the affidavit explains the prospective or retrospective failure of several investigative techniques that reasonably suggest themselves." Hudson v. State, 368 So. 2d 899,

903 (quoting <u>United States v. Hyde</u>, 574 F.2d 856, 867 (5th Cir. 1978)).

As these cases make clear, the necessity requirement is met if the applying officers can explain at the time of application why traditional investigative techniques are unlikely to succeed. Whether at a later point in the investigation those officers believe they could have discovered through traditional means the evidence derived from the wiretap is not relevant to the necessity of the wiretap in the first instance. <u>See</u> <u>Daniels</u>, 381 So. 2d at 711. Given this state of the law in Florida, and the affidavit's thorough explanation of why conventional investigative techniques would not work in this case, we cannot find that no competent counsel would have failed to attack the wiretap evidence on necessity grounds. Therefore, we cannot conclude that the performance of Mackerley's counsel was constitutionally deficient. Accordingly, the judgment of the district court is

**AFFIRMED.**[3]

---

[3]Appellant's request for oral argument is DENIED.