DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHAWNTAVIAN TUCKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4508

[August 19, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marc Gold, Judge; L.T. Case No. 12-011153CF10A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

The issue presented is whether the police legally stopped appellant's vehicle based upon information obtained forty days earlier, and whether that information was "stale." We find that the information was not stale and that the victim's description of the vehicle, which included the color, age, and license plate, gave the officer reasonable suspicion to conduct a stop.

An intruder entered the victim's home and fled in a getaway vehicle parked across the street after encountering the victim. The victim described the vehicle to the police as a metallic gold older model Buick or Oldsmobile with Florida license plate AUK509. A BOLO was issued on the day of the incident. Forty days later, the detective assigned to the case stopped a vehicle driven by appellant, believing the vehicle matched the description given by the victim. The vehicle was a gold 1993 Chevy Lumina with Florida license plate AUKQ59. Appellant was ultimately charged with burglary and driving while license suspended or revoked.

Appellant filed a motion to suppress, arguing that the information the

detective relied on was stale and that the detective did not have reasonable suspicion to stop the vehicle. The trial court denied the motion based on the license plate together with the color and age of the car. As to the license plate, the court noted that the first three letters were the same and that but for the Q, all the digits were correct, although two were in the wrong position. Additionally, according to the trial court, although the victim reported a 0 rather than a Q, it would be easy to confuse them in the heat of the moment.

Following the denial of the motion to suppress, appellant pled no contest to trespass and driving while license suspended or revoked in exchange for a sentence of concurrent terms of nine months of probation. Appellant then filed the instant appeal.

Initially, we reject the state's argument that appellant did not preserve the right to appeal the issue, as an express finding of dispositiveness is not necessary where, as here, it can be inferred from the record. *See Lamb v. State*, 55 So. 3d 751, 753 (Fla. 2d DCA 2011); *Leisure v. State*, 429 So. 2d 434, 436 (Fla. 1st DCA 1983). During the plea hearing, defense counsel informed the court that appellant was reserving his right to appeal the dispositive motion and that the state knew it was a condition of the plea. The trial court responded, "I look forward to that."

Turning to the merits, in reviewing a motion to suppress, this court defers to the trial court's factual findings but reviews legal conclusions de novo. *Pantin v. State*, 872 So. 2d 1000, 1002 (Fla. 4th DCA 2004). In order to justify an investigatory stop, "an officer must have a reasonable, well-founded suspicion that the person has committed, is committing, or is about to commit a criminal offense." *Sapp v. State*, 763 So. 2d 1257, 1258 (Fla. 4th DCA 2000). "Several factors are relevant in considering a vehicle stop pursuant to a BOLO: the length of time and distance from the offense, route of flight, specificity of the description of the vehicle and its occupants, and the source of the BOLO information." *Id.* at 1258-59.

We agree with the trial court that the detective had a reasonable suspicion to stop appellant's vehicle based on the license plate together with the distinctive color and older age of the vehicle. Although the vehicle description was forty days old, it was not stale. "The mere lapse of substantial amounts of time is not controlling of a question of staleness. Staleness is to be evaluated in light of the particular facts of the case and the nature of the criminal activity and property sought." *Brachlow v. State*, 907 So. 2d 626, 629 (Fla. 4th DCA 2005) (citation omitted). Items which are consumable, such as drugs, are more likely to become stale sooner

2

than non-consumable items, which do not have the same staleness concerns. *State v. Felix*, 942 So. 2d 5, 9-10 (Fla. 5th DCA 2006); Wayne R. LaFave, 2 Search & Seizure § 3.7(a) (5th ed. 2014). As the present case involves a non-consumable item, staleness concerns were not present. *See Brachlow*, 907 So. 2d at 629 (finding information gained four years earlier that defendant possessed videotapes of pornography was not stale because "videotapes, unlike drugs, are non-consumable items" and "it is more reasonable to assume that such an item will still be present in a defendant's house even after a substantial passage of time"); *State v. Leyva*, 599 So. 2d 691 (Fla. 3d DCA 1992) (holding four- to five-week-old knowledge that a defendant's driver's license was suspended was not stale and provided the officer with the reasonable suspicion to make a valid stop); *see also United States v. Marxen*, 410 F.3d 326 (6th Cir. 2005).

Appellant also challenges the denial of his rule 3.800(b)(2) motion to correct sentencing error. Appellant argues that because driving while license suspended or revoked is a second-degree misdemeanor, he could be sentenced on that count to only a term of six months of probation or less. *See* §§ 322.34(2)(a), 948.15(1), Fla. Stat. (2012); *Sloan v. State*, 10 So. 3d 686, 687 (Fla. 2d DCA 2009); *Smith v. State*, 484 So. 2d 581, 583 (Fla. 1986). We agree with the trial court that this issue is not cognizable in a rule 3.800(b) motion, because the sentence was a result of a negotiated plea. Thus, the real objection is to the plea agreement itself. The remedy for an illegal sentence based upon a negotiated plea is to seek to withdraw the plea. *See Haynes v. State*, 106 So. 3d 481, 482 (Fla. 5th DCA 2013); *Dominguez v. State*, 98 So. 3d 198, 199 (Fla. 2d DCA 2012). Accordingly, we affirm the denial of this motion without prejudice to appellant's right to file an appropriate rule 3.850 motion.

*Affirmed.*

STEVENSON and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3