113 So.2d 394 (1959)
William F. HAMELMANN, Appellant,
v.
STATE of Florida, Appellee.
No. A-428.
District Court of Appeal of Florida. First District.
June 25, 1959.
*395 A.K. Black, Lake City, and Hal A. Davis, Quincy, for appellant.
Richard W. Ervin, Atty. Gen., and Odis M. Henderson, Asst. Atty. Gen., for appellee.
WIGGINTON, Judge.
Appellant was indicted and convicted for the unlawful possession of a central nervous system stimulant described as amphetamine. He appeals from the judgment and sentence of imprisonment for a term of two years. The principal error assigned is the refusal of the trial court to quash the affidavit and search warrant and to suppress the evidence on which appellant was convicted.
The warrant in question was based upon an affidavit signed and filed on October 11, 1957. The affidavit recites that on April 14, 1957, affiant entered a certain described building occupied by defendant and others in which he observed stated activities indicating that defendant was engaged in the operation of a house of ill fame. Upon this affidavit a search warrant issued and was served by the sheriff. A search of the premises described in the warrant resulted in the seizure of an assortment of personal property among which was the amphetamine pills which formed the basis for this prosecution.
Prior to trial defendant filed a motion to suppress the evidence seized by the officers in their search of his premises on the stated grounds, among others, that no probable cause existed for the issuance of the search warrant, and because the affidavit upon which the warrant issued and the search was made is insufficient as a matter of law. A separate motion to quash the search warrant and affidavit was likewise filed, the grounds in support of which questioned their sufficiency as a matter of law.
Upon hearing, both of the mentioned motions were denied and the seized evidence sought to be suppressed was introduced by the State during the trial.
Appellant contends that the facts recited in the affidavit and search warrant are insufficient to show that at the time of their execution probable cause existed to believe that defendant was then engaged in the commission of a criminal offense on the described premises. He urges that the lack of probable cause patently appears from the recital in the affidavits that 181 days, or more than six months, had elapsed between the date on which the offense was allegedly observed by the affiant, and the date on which the affidavit was executed and the warrant issued. It is argued that such time lapse of six months precluded the court, as a matter of law, from finding that there was probable cause for belief by affiant that there existed grounds on which the search warrant could be validly predicated.
*396 Our statutes provide that no search warrant shall be issued except upon probable cause,[1] supported by affidavit or other proof tending to establish the grounds of the application for warrant, or probable cause for believing that they existed.[2]
Our search fails to reveal any decision in this jurisdiction which passes upon the precise point now under consideration. It has received the attention of courts in numerous jurisdictions outside of Florida.
It has been generally held, either expressly or by necessary implication, that while there is no strict rule as to the permissible number of days which may elapse between the date of the observed offense and the making of the affidavit upon which the search warrant is based, the nearer the time is at which the observation was made to the time when the affidavit is or was executed, the more probable it is that a conclusion of probable cause may be justified. The number of days which have elapsed between the observation of the alleged offense and the day on which the affidavit is executed is always the main factor, though not the only factor, in determining whether or not sufficient probable cause is shown to support the validity of a search warrant. A review of the decisions from other jurisdictions reveals that an interval of not more than 20 days has never been held so unreasonable as to vitiate the search warrant, while on the other hand, an interval of more than 30 days has always been held such an unreasonable length of time as to negative a presumption of reasonable cause, and to preclude a finding that such cause exists as a basis for a search warrant.[3] Barring extraordinary circumstances which may be shown to exist in any given case, the pattern has been rather clearly established in courts of this country that if the observation of the alleged offense is not farther remote than 30 days from the making of the affidavit and issuance of the warrant, a finding that there exists probable cause will not be disturbed. The contrary appears where the elapsed time is more than 30 days from the date of the observation to the date on which the affidavit is executed and the warrant issued.
Appellee contends that the point now urged by appellant with respect to the lack of probable cause inherent in the affidavit should not be considered on this appeal because this precise point was not assigned as a specific ground of the motion to suppress the evidence or quash the affidavit and warrant. With this contention we cannot agree. Our statutes do not prescribe a permissible number of days which may elapse between the date on which the offense is observed by the affiant and the date on which the affidavit is executed. Our statute merely requires that the warrant not issue except upon probable cause supported by affidavit or proof tending to establish that such cause exists. The proper ground of the motion to suppress and quash was therefore as stated by appellant in his motion that the affidavit showed on its face that no probable cause existed to believe that an offense was then being committed, and that the affidavit was therefore insufficient as a matter of law. The lapse of time between the date of the offense and the date on which the affidavit was executed is merely the reason advanced in support of this ground on the motion. If a proper ground to suppress evidence or quash an affidavit or search warrant is specified in the motion, this court will not go behind the ground as stated to determine whether or not the precise reasons urged on the appeal in support thereof are the same as those urged at the hearings upon the motions. It has been repeatedly held that in considering a case on appeal, the appellate court will not necessarily inquire into the *397 reasons which motivated the trial court in arriving at the ultimate conclusion expressed in the order, judgment or decree assaulted. Whether the reasons employed by the court are sound and well founded in law is immaterial if the ultimate conclusion reached as expressed in the order is correct. By the same token, if under the facts of the case the ultimate conclusion embodied in the order or decree is erroneous, the order cannot be sustained regardless of the reasons which motivated it.
An examination of the proceedings held before the court on the motions to suppress and to quash do not reveal that any evidence was sought to be introduced relating to the question of law herein discussed. The transcript of the proceedings does reveal, however, that the argument by counsel on the questions of law presented by the motions was not reported. Whether the point now under consideration was stressed in counsel's argument before the court is immaterial, for that constitutes a phase of the proceedings with which this court is not concerned.
For the foregoing reasons we hold under the facts disclosed by the record before us that due to the unreasonable time lapse between the date on which affiant allegedly observed the offense, and the date on which he executed his affidavit in support of the search warrant, no probable cause existed for belief by affiant that defendant was then engaged in a violation of the laws of this state. The trial court therefore committed error in refusing to quash the affidavit and warrant, and to suppress the evidence seized during the search. The judgment appealed from is accordingly reversed and the cause remanded for further proceedings.
STURGIS, C.J., and CARROLL, DONALD, J., concur.
NOTES
[1] F.S. § 933.04, F.S.A.
[2] F.S. § 933.06, F.S.A.
[3] 162 A.L.R. 1414 et seq.