PER CURIAM.
Upon consideration of the briefs and oral argument and after review of the record on appeal we are of the opinion that the state has failed to demonstrate reversible error; the trial court properly granted defendants’ motions to suppress the contents of intercepted wire communications and defendants’ motion to suppress evidence secured by a search warrant predicated upon the fruits of such intercepted communications. In particular, the original affidavit for the wire tap order did not reflect the presence of sufficient probable cause within the requirements of Rodriguez v. State, Fla.1974, 297 So.2d 15, i. e. that the facility from which the communications were to be intercepted was being used or about to be used in connection with the commission of an offense enumerated in section 934.07, F.S. It follows therefore that the evidence secured pursuant to the search warrant was properly suppressed inasmuch-as such search warrant was predicated upon an affidavit which relied upon the fruits of the intercepted communications. Hamelmann v. State, Fla.App.1959, 113 So.2d 394; Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963).
Affirmed.
WALDEN, C. J., and OWEN and MA-GER, JJ., concur.