323 So.2d 659 (1975)
Raymond HOUSE and Pat House, Appellants (Defendants),
v.
STATE of Florida, Appellee (State).
No. Y-94.
District Court of Appeal of Florida, First District.
October 29, 1975.
Rehearing Denied January 16, 1976.
*660 William B. Richbourg, Pensacola, for appellants.
Robert L. Shevin, Atty. Gen., Donald K. Rudser, Asst. Atty. Gen., for appellee.
MILLS, Judge.
The question presented by this appeal is whether the affidavit, on which the search warrant was issued, justified a finding of probable cause.
The affidavit contained the following statements to support the search of defendants' dwelling:
"That the facts tending to establish the grounds for this application and the probable cause of affiant believing that such facts exist are as follows: The affiant was contacted by informant Juanita Nichols who told the affiant that Heroin was kept and sold at the above described location. To verify this information, the affiant had the informant make a controlled buy of Heroin from the above described location. This was done by first searching the informant for drugs and finding none, then going with the informant to the above described location on October 11, 1974 at 8:45 p.m. The above described location was kept under observation at all times until the informant left and met with the affiant at 8:55 p.m. and turned over to the affiant a substance sold as Heroin. The informant told the affiant that she had observed more of the substance at the above described location and had been sold the substance as Heroin for $100.00.
"Present during and participating in the transaction was Pat House, with the substance being sold to the informant by Raymond House. Within the last week, this informant has been told that Raymond House has more Heroin for sale.
"From the above information the affiant does believe that Heroin is being kept and sold at the above described location and has obtained an arrest warrant for Raymond House for possession and sale of Heroin and an arrest warrant for Pat House for Principal in the first (1st Degree) to sale of Heroin."
The search warrant was issued on 28 October 1974, and was executed on 30 October 1974. During the search, less than five grams of marijuana was seized.
Defendants moved to suppress the evidence seized under the warrant, contending that the supporting affidavit was insufficient because (1) it was based on hearsay of an informer; (2) it failed to state that heroin was contained in the dwelling; and (3) the time period between the alleged criminal activity and the issuance of the warrant was too great for probable cause to still exist. The trial court denied the motion.
Thereafter, defendants pled nolo contendere to the offense of possession of less than five grams of marijuana; they were adjudged guilty; and they were sentenced to time in the county jail. This appeal resulted. We affirm.
Under Section 933.18, Florida Statutes, a warrant for the search of a dwelling *661 may be based on reliable hearsay information. The reliability of the source of the hearsay information is determined by the issuing magistrate. State v. Wolff, 310 So.2d 729 (Fla. 1975). The issuing magistrate's finding of reliability of the informant's hearsay information is supported by the stringent controlled buy supervised by the affiant officer.
The issuing magistrate determined that the facts stated in the affidavit adequately supported the affiant officer's conclusion that he had reason to believe that heroin was being sold in defendant's dwelling. We agree. It is of no consequence that the affiant referred to "substance sold as heroin" rather than positively stating the substance was heroin.
In Hamelmann v. State, 113 So.2d 394 (Fla.App. 1st, 1959), this court held that if the alleged offense is no more than thirty days from the issuance of the warrant, a finding of probable cause will not be disturbed. In the case before us, not more than seventeen days lapsed.
Affirmed.
BOYER, C.J., and McCORD, J., concur.

UPON PETITION FOR REHEARING DENIED
MILLS, Judge.
Defendants' petition for rehearing asserts that the Court's opinion filed on 29 October 1975 is not responsive to the issues raised by the defendants, and incorrectly states two of defendants' three contentions.
Defendants are correct in stating that the Court did not fully and completely restate two of their contentions. The Court would have been more nearly accurate in stating defendants' contentions as (1) there was no factual basis for believing the hearsay of the informer, and (2) there was no factual basis for believing that heroin was kept and sold in the dwelling.
Defendants are incorrect in their assertion that the Court did not respond to the issue raised by their appeal. The issue, as previously stated by the Court, is whether the officer's affidavit justified a finding of probable cause, and the issuance of the search warrant. We were of the opinion, and so stated with the reasons, that the affidavit justified a finding of probable cause. We are still of that opinion.
Petition for rehearing denied.
BOYER, C.J., and McCORD, J., concur. cur.