BERANEK, Judge,
dissenting:
I respectfully dissent. The views expressed in the majority opinion were simply not adequately presented to the trial court.
The defendant attacked the wiretap authorization on the grounds of staleness under Rodriguez v. State, 297 So.2d 15 (Fla.1974). Rodriquez quoted Hamelman v. State, 113 So.2d 394 (Fla. 1st DCA 1959), as follows:
“Barring extraordinary circumstances which may be shown to exist in any given case, the pattern has been rather clearly established in courts of this country that if the observation of the alleged offense is not further remote than 30 days from the making of the affidavit and issuance of the warrant, a finding that there exists probable cause will not be disturbed. The contrary appears where the elapsed time is more than 30 days from the date of the observation to the date on which the affidavit is executed and the warrant issued.”
The trial court recognized that Rodriguez was not an ironclad rule but merely a guide or rule of thumb. I have closely reviewed the argument on the motion to suppress at which no testimony was presented. Defendant argued that the information on which the wiretap authorization was given was 59 days old and thus stale under the rationale of Rodriguez absent a demonstration of some special circumstances. The State’s argument accepted the 59 days as a correct characterization of the facts. The court specifically inquired of the State as to why the information was not stale under Rodriguez. No adequate reply was made and the motion to suppress was later granted.[1] I conclude there has been no demonstration of reversible error and would affirm. I prefer the result reached by the majority but I do not believe these matters were ever sufficiently presented to the trial court. If the trial court erred, it was invited by the argument of the State below.

. The trial court actually gave the State the opportunity to file further written argument. This was done but the response was once again, in my opinion, inadequate. During the hearing the State also suggested that counsel wished to present testimony. No such testimony was ever offered.