438 So.2d 114 (1983)
Lewis Henry GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 83-421.
District Court of Appeal of Florida, Second District.
September 14, 1983.
Rehearing Denied October 5, 1983.
*115 Howardene Garrett of Garrett & Garrett, P.A., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant pled nolo contendere to charges of possession of cocaine and methaqualone. He preserved the right to appeal the denial of his motion to suppress contraband seized pursuant to a search warrant, and the state stipulated that the entry of the order denying suppression was dispositive of the case.
The affidavit for the search warrant was signed by a sheriff's narcotics investigator and a vice control officer of the Tampa Police Department. After outlining the affiants' law enforcement experience in dealing with controlled substances, the affidavit stated:
During the week of July 18, 1982, Your co-affiant was personally contacted by confidential informant 714, hereafter referred to as confidential informant. Said confidential informant advised your co-affiant that a white male known as Joe Levitz is dealing in cocaine and methaqualone and is in possession of the cocaine and methaqualone which is now being kept at the residence described in exhibit "A" of the search warrant. Said confidential informant advised that Joe Levitz receives his supply of cocaine and methaqualone and distributes said cocaine and methaqualone within a short period of time. Said confidential informant advised that since he has been acquainted with the white male Joe Levitz that this frequent supply and distribution has been white male Joe Levitz's method of dealing the aforementioned cocaine and methaqualone.
During the week of July 18, 1982, said confidential informant advised your co-affiant that white male Joe Levitz was in possession of the said cocaine and methaqualone at a residence which is located in Hillsborough County, Florida. During the week of July 18, 1982, your affiant and co-affiant personally went to the location described by the confidential informant and found the aforementioned residence by directions given by the confidential informant.
Your co-affiant offers the following to show the trustworthiness and reliability of the said confidential informant:
1. Your co-affiant has been personally acquainted with the said confidential informant for a period of six months and information provided by said confidential informant has been true and correct.
2. At the request of the co-affiant the said confidential informant has gathered intelligence information on narcotics, dangerous drug traffic within Tampa, Hillsborough County, Florida, in the past and it has been found to be true and correct.
3. Said confidential informant is familiar with cocaine and methaqualone and is a past user of said cocaine and methaqualone.
4. Your affiant and co-affiant personally went to the location described by the confidential informant and found the aforementioned residence by the directions given by the confidential informant.
Since the affidavit did not specifically describe how the confidential informant acquired his information, it failed to meet the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). However, in the recent case of Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court substituted a totality of circumstances analysis for the rigid application of the two-prong test of Aguilar and Spinelli. Given the common sense interpretation espoused by Gates, we find that the affidavit *116 set forth sufficient facts to establish probable cause for the issuance of the search warrant.
AFFIRMED.
GRIMES, A.C.J., and DANAHY and CAMPBELL, JJ., concur.