439 So.2d 337 (1983)
Julita Marie MILETE, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-642.
District Court of Appeal of Florida, Third District.
October 18, 1983.
John J. Quinn, Vero Beach, for appellant.
Jim Smith, Atty. Gen., and William P. Thomas, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
The defendant appeals from her adjudication of guilt for possession of marijuana. She entered a plea of nolo contendere specifically reserving the right to appeal the denial of her motion to suppress the contraband seized from her house trailer.
The crux of the affidavit to support the application for a warrant came from an anonymous tipster regarding his participation in the placement of the bales of marijuana in the defendant's trailer. The anonymous tipster relayed this information to a confidential informant whose reliability was credited by an affiant. Although there is no reason to doubt the veracity of the affiant or the reliability of the informant, there remains upon the state the duty of demonstrating probable cause under Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Gates is controlling here by virtue of article I, section 12, Florida Constitution.
In Gates, the United States Supreme Court stated that "an informant's `veracity,' `reliability' and `basis of knowledge' are all highly relevant in determining the value of his report." However, the court continued, these elements "should be understood simply as closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is `probable cause'... ." 103 S.Ct. at 2327-28. The Court held that there was probable cause because the anonymous tip contained details which would be difficult to obtain or predict and the police corroborated the veracity of this information. Therefore, in the totality of the circumstances, it was not unlikely that the anonymous informant also had reliable information about the alleged illegal activities. 103 S.Ct. at 2335.
The instant warrant was based on nothing more than the unverified allegation of an anonymous tipster. This did not rise to the probable cause standard enunciated in Gates. The Supreme Court clearly stated that "standing alone, the anonymous letter ... would not provide the basis for a magistrate's determination that there was probable cause... ." 103 S.Ct. at 2326. Therefore, the trial court erred in denying the defendant's motion to suppress and thereafter adjudicating her guilty on the plea of nolo contendere.
For the foregoing reasons, the judgment appealed from is reversed with directions to discharge the defendant.