444 So.2d 1005 (1984)
STATE of Florida, Appellant,
v.
Dennis Edward VANWINKLE, Appellee.
No. 82-808.
District Court of Appeal of Florida, Fifth District.
January 12, 1984.
Rehearing Denied February 1, 1984.
*1006 Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellant.
Howard Reiss, Orlando, for appellee.
SHARP, Judge.
The state appeals from a trial court order suppressing evidence obtained during the execution of a search warrant. The trial court found that the issuance of the search warrant was not based on probable cause. We reverse because we find that the content of the affidavit submitted by the state in its application for the warrant establishes probable cause.
George Cunningham of the Orlando Police Department applied for a search warrant of Vanwinkle's mobile home to look for a revolver used in a shooting which occurred nine days previously. The affidavit supporting the application consisted mainly of statements that the victim of the shooting, Boyd Delbert Frizzell, gave to the Orlando Police Department. He claimed that Vanwinkle shot him as a result of a busted drug transaction. The affidavit also contained some partially corroborating evidence that a bullet was removed from Frizzell's body and that Frizzell identified Vanwinkle in a photographic lineup. The search warrant was issued to search Vanwinkle's home for the revolver. Although the police did not find the weapon, they found twenty grams of cannabis in the mobile home. Vanwinkle was charged with unlawful possession of the cannabis,[1] and his motion to suppress relates to the cannabis found in his home.
In granting Vanwinkle's motion to suppress, the trial court ruled that there was no probable cause to believe that the firearm used to shoot Frizzell was at Vanwinkle's mobile home under the two-prong test of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). These cases require that in order to find probable cause a magistrate must be informed of (1) some of the underlying circumstances necessary to enable him to independently judge the informant's "basis of knowledge" and (2) some of the underlying circumstances from which the officer concluded *1007 that the informant was credible or his information reliable. See also State v. Cohen, 442 So.2d 346 (Fla. 5th DCA 1983). However, both parts of the "two prong" Aguilar test need not be satisfied independently of each other.
In Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court adopted a "totality of circumstances" approach to probable cause in which the two factors of the Aguilar test remain relevant considerations, 103 S.Ct. at 2329, but are "merely parts of all factors to be weighed when probable cause for a search warrant is under consideration." Smigiel v. State, 439 So.2d 239, 243 (Fla. 5th DCA 1983).
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of reviewing courts is simply to ensure that the magistrate had a `substantial basis for ... conclud[ing]' that probable cause existed.
Gates, 103 S.Ct. at 2332.
The statements given by Frizzell to the Orlando Police Department were statements partially against his penal interest. This factor alone provides its own indicia of reliability. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); State v. Patterson, 309 So.2d 555 (Fla. 2d DCA 1975). Given these statements and the partial corroborating facts gathered by Officer Cunningham, the issuing magistrate had a substantial basis for his conclusion that there existed a fair probability that the gun would be found at Vanwinkle's mobile home nine days after the shooting. Gates; Smigiel; State v. Jacobs, 437 So.2d 166 (Fla. 5th DCA 1983). The judgment of the circuit court is
REVERSED.
COBB and COWART, JJ., concur.
NOTES
[1] § 893.13(1)(e), Fla. Stat. (1981).