MILLS, Judge.
Bradford appeals his conviction for possession of more than twenty grams of marijuana. Bradford pled nolo contendere to the charge, specifically reserving the right to appeal the denial of his motion to suppress. The contention on appeal is that the affidavit supporting the search warrant did not demonstrate probable cause. We disagree and affirm.
The affidavit was executed by a police officer and contains the following to demonstrate probable cause:
That on 12/13/82, following his arrest for delivery of marijuana, the affiant interviewed Bishop Lee McCants at the Escambia County Sheriff’s Department, Investigation Division. McCants stated that he had been to the above described location on Friday evening, 12/10/82, where he (McCants) made contact with a black male identified as Junior Bradford. McCants further stated that Bradford gave him (McCants) a plastic bag containing several smaller bags of marijuana for which he (Bradford) stated he wanted to be paid seventy five dollars after the marijuana was sold. McCants also stated that during this meeting with Bradford, he (McCants) observed a larger quantity of marijuana at the above described location. The plastic bag of *1232 marijuana which Bradford had given McCants was delivered to undercover officer, Terry Kilgore, in the parking lot of the Racetrack Service Station on Highway 29 on 12/13/82, at approximately 2:40 P.M. During the interview with McCants, he (McCants) placed a phone call to the above described location (478-9007). During this call, McCants talked to a subject identified as Junior. McCants told Bradford that he (McCants) would be coming to his (Bradford’s) house in about one hour and a half. At this time McCants asked “what more you got?” At this time the subject identified as Junior answered “Pm still good, Pm still good”.
From the above listed facts, this affiant does believe that marijuana is being kept at the above described location.
The affidavit contains facts showing the basis of the informant’s knowledge; specifically, that McCants was with Bradford in Bradford’s house on 10 December 1982 when McCants saw the marijuana.
The affidavit also contains facts showing the credibility of the informant and the reliability of his information. The informant was not anonymous, but named in the affidavit. The affiant was present when the informant had a telephone conversation tending to verify the information he had already given.
Considered as a whole, the affidavit provided a substantial basis for the magistrate’s conclusion that probable cause existed. Illinois v. Gates, — U.S. -, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Zaner v. State, 444 So.2d 508, (Fla. 1st DCA 1984).
AFFIRMED.
SMITH and NIMMONS, JJ., concur.