468 So.2d 550 (1985)
STATE of Florida, Appellant,
v.
Noreen Marie WILDES, Thomas O'Neal Wildes, Appellees.
No. 84-861.
District Court of Appeal of Florida, Fifth District.
May 16, 1985.
Jim Smith, Atty.Gen., Tallahassee, and Belle B. Turner, Asst.Atty.Gen., Daytona Beach, for appellant.
Marc L. Lubet of Lubet & Woodard, P.A., Orlando, for appellees.
COWART, Judge.
The State appeals an order suppressing evidence seized pursuant to a search warrant. The trial judge suppressing the evidence believed that the evidence presented by affidavit to the magistrate issuing the search warrant was insufficient to establish probable cause for issuance of the warrant. The warrant was based on the affidavit of a police officer which was based primarily on information obtained from an unidentified confidential informant. The affidavit contained no specific facts regarding the reliability of the informant although the acts themselves contained considerable detail indicating the presence of contraband at the residence authorized to be searched.
The State cites the usual cases[1] and Tippins v. State, 454 So.2d 630 (Fla. 5th DCA 1984); State v. Vanwinkle, 444 So.2d 1005 (Fla. 5th DCA 1984); Bradford v. State, 448 So.2d 1231 (Fla. 1st DCA 1984); Zaner v. State, 444 So.2d 508 (Fla. 1st DCA 1984); Graham v. State, 438 So.2d 114 (Fla. 2d DCA 1983). Defendant cites Blue v. State, 441 So.2d 165 (Fla. 3d DCA 1983).
We will not undertake to reconcile or distinguish the cases cited nor review the facts in the affidavit to determine if we believe that the officer making the affidavit and the magistrate issuing the search warrant acted reasonably in determining that the details in the facts given by the *551 confidential informant were themselves sufficient to provide their own indicia of reliability and to justify a reasonable belief in their authenticity. Rather, we note that the search warrant was regular on its face and that the affidavit upon which it was based was not so lacking in indicia of probable cause that the officer executing the warrant could not with reasonable objectivity rely in good faith on the magistrate's probable-cause determination and on the technical sufficiency of the warrant. Accordingly, we apply the good-faith exception enunciated in United States v. Leon, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), reverse the order suppressing the evidence seized pursuant to the search warrant in this case, and remand for further proceedings.
REVERSED AND REMANDED.
COBB, C.J., and ORFINGER, J., concur.
NOTES
[1] Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).