PER CURIAM.
Assuming that the search warrant affidavit in this case showed only a possibility rather than a probability of drugs being at the location to be searched, under Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), nevertheless it did not contain false information, and the search warrant based on it was regular on its face, was issued by a neutral and detached magistrate, and was served by law enforcement officers who acted in good faith and in reasonable reliance on the probable cause determination and the technical sufficiency of the warrant. Therefore, the seized evidence is admissible under United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), rehearing denied, 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984). See also State v. Wildes, 468 So.2d 550 (Fla. 5th DCA 1985).
We reverse the order granting the motion to suppress the evidence seized pursuant to the search warrant, and remand for further proceedings.
REVERSED AND REMANDED.
COBB and COWART, JJ., and DANIEL, C.W., Associate Judge, concur.