ERVIN, Judge.
Appellant raises three issues in his appeal from a conviction for possession of drug paraphernalia. We reverse the conviction based on the failure of the trial court to grant a motion to suppress and therefore do not address the other issues raised in the appeal.
The affidavit on which the search warrant was based contained 12 paragraphs relating to events ranging from several months to several years preceding the time of the affidavit’s execution. Paragraph 13, the only paragraph that was not stale, contained information relayed to a confidential citizen by an unknown third person.[1]
We conclude, following the “totality of the circumstances” rule, stated in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), that the facts related in the affidavit were insufficient to justify a probable cause determination necessary for the issuance of the search warrant. The first 12 paragraphs of the affidavit contain information that was more than thirty days old and cannot serve to undergird a probable cause finding. House v. State, 323 So.2d 659 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 463 (Fla.1976); Hamelmann v. State, 113 So.2d 394 (Fla. 1st DCA 1959). In paragraph number 13 the affiant repeats information relayed by a reliable, confidential citizen regarding events seen by him and statements made to him by an unknown third person. Although the affidavit attests to the reliability of the confidential citizen, it contains no information regarding the reliability of the *289 unknown informant, and, without such information, paragraph 13 is insufficient to provide the probable cause required to justify a search. See Milete v. State, 439 So.2d 337 (Fla. 3d DCA 1983). Moreover, the tips provided by the anonymous person themselves lacked any indicia of reliability. No search was made of the informant in order to ascertain whether the substance he later described as cocaine was in fact on his person before his entry. Neither do the facts given explain how the informant came about his knowledge that the substance was cocaine — no tests were run on the substance, nor was it shown that the informant, or indeed the citizen to whom the material was displayed, was experienced in the detection and examination of such substances.
In Milete, a warrant was based on information supplied by a confidential informant who in turn had received his information from an anonymous tipster regarding placement of bales of marijuana in the defendant’s trailer. The court concluded that although there was no reason to doubt the veracity of the affiant or the reliability of the informant, a warrant could not be based on nothing more than the unverified allegation of an anonymous tipster. See also Vasquez v. State, 491 So.2d 297 (Fla. 3d DCA 1986), review denied, 500 So.2d 545 (Fla.1986) (suppression of evidence seized in a search is required when the affidavit contains no information regarding the credibility of the confidential source).
The judgment appealed from is reversed with directions to discharge the defendant.
SMITH, C.J., and NIMMONS, J., concur.

. The relevant paragraph states in pertinent part:
That within the past ten (10) days, your Affi-ant was contacted by a confidential citizen of Escambia County, Florida. The citizen told your Affiant that within ten (10) days of this application, the citizen had occasion to be at 14141 Canal Drive, in Escambia County, Florida. While at that location, the citizen observed a white male go into the residence of “Fred” Sheppard. The subject stayed in the residence a brief period of time and upon exiting the residence the subject displayed a quantity of Cocaine to the citizen. The citizen was advised by the subject that the material was Cocaine and further, that the Cocaine was purchased from "Fred" at the residence of 14141 Canal Drive.