522 So.2d 1023 (1988)
STATE of Florida, Appellant,
v.
Imanese MOISE, Appellee.
No. 87-1138.
District Court of Appeal of Florida, Fifth District.
March 31, 1988.
*1024 Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Judge.
The issue in this appeal is whether the trial court properly granted Imanese Moise's motion to suppress evidence based on a deficient search warrant.
Moise was charged with possession of cocaine stemming from the search of an apartment on February 5, 1987, which turned up eight pieces of rock cocaine. The search was conducted with a warrant issued on January 29, 1987, based on an affidavit prepared the same date by Officer Robert Mundy of the Orlando Police Department.
In the affidavit, Mundy described the premises and recited the facts of two controlled buys at the apartment. The first occurred on January 14, 1987, and the second on January 20, 1987. Both sales were conducted by sending two different confidential informants into the apartment to buy cocaine. Each purchased a piece of rock cocaine from the apartment and returned to the police. The affidavit further asserted Mundy's belief that cocaine was being kept and sold in the specified apartment.
Moise filed a motion to suppress, alleging that the affidavit giving rise to the search warrant was deficient in that there was no evidence that contraband continued to be present at the apartment. At the hearing on the motion to suppress, Mundy testified that he obtained a third controlled buy from the apartment just 30 minutes prior to the search warrant's being served. Munday said that when the warrant was executed he believed in good faith that it was valid, and that when he prepared the affidavit he believed in good faith that there were drugs kept on the premises. The trial court granted the motion to suppress, noting at the hearing:
THE COURT: The affidavit supporting a search warrant in this case sets forth in some detail two very well conducted controlled buys. There is nothing in this affidavit that indicates why this particular location was selected, anything to indicate great amounts of cocaine being held here. And the distance between these two, there is six days between the two controlled buys and nine days from the last controlled buy before the actual search warrant was issued.
The third controlled buy where he cannot be considered by this Court to supplement the affidavit in this matter.
The duty of the reviewing Court is to insure that the issuing magistrate had a substantial basis for concluding that there was probable cause that the premises contained contraband, given the totality of the circumstances. I cannot do so. I grant the motion to suppress.
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court set forth the following standard to be used in determining whether probable cause exists:
The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to insure that the magistrate had a `substantial basis for ... conclud[ing] that probable cause existed.'
Id. at 238-39, 103 S.Ct. at 2332; see also State v. Cohen, 442 So.2d 346 (Fla. 5th DCA 1983); Smigiel v. State, 439 So.2d 239 (Fla. 5th DCA 1983), petition for review *1025 denied, 447 So.2d 888 (Fla. 1984); State v. Jacobs, 437 So.2d 166 (Fla. 5th DCA), petition for review dismissed, 441 So.2d 632 (Fla. 1983).
The length of time between the events relied upon to obtain a warrant and the date of issuance bears upon probable cause, with the likelihood that the items sought to be seized will be found on the premises decreasing as time passes. Smith v. State, 438 So.2d 896 (Fla. 2d DCA 1983) (search upheld based on affidavit showing prior controlled buys, with last buy occurring 36 days before warrant issued). In the instant case, the affidavit discloses two controlled buys, one occurring fifteen days prior to the issuance of the warrant, and one occurring nine days prior to its issuance. Applying Gates, the totality of the circumstances shows sufficient probable cause to allow for the warrant to be properly issued. Thus, the lower court ruled incorrectly in suppressing the evidence. See also State v. Gieseke, 328 So.2d 16 (Fla. 1976).
Additionally, the warrant affidavit is sufficient under United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), to allow for the application of the good-faith exception.[1]See State v. Garcia, 503 So.2d 347 (Fla. 5th DCA), review denied, 511 So.2d 298 (Fla. 1987); State v. Wildes, 468 So.2d 550 (Fla. 5th DCA 1985).
Accordingly, the order of suppression entered below is reversed and the cause remanded for further proceedings in accordance with this opinion.
REVERSED and REMANDED.
ORFINGER and DANIEL, JJ., concur.
NOTES
[1] In Leon, the Court held that the good faith exception would not apply in the following circumstances:

Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in Lo-Ji Sales, Inc. v. New York, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979); in such circumstances, no reasonably well trained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit `so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' Brown v. Illinois, 422 U.S. 590 at 610-611, 95 S.Ct. [2254] at 2265-2266 [45 L.Ed.2d 416 (1975)] (POWELL, J., concurring in part); see Illinois v. Gates, supra, 462 U.S. 213 at 263-264, 103 S.Ct. [2317] at 2345-2346 (WHITE, J., concurring in the judgment). Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient  i.e., in failing to particularize the place to be searched or the things to be seized  that the executing officers cannot reasonably presume it to be valid. Cf. Massachusetts v. Sheppard, 468 U.S., at 988-991, 104 S.Ct., at 3428-3430.
Id. at 928, 104 S.Ct. at 3421.
The dates of the controlled drug buys are clearly spelled out in the affidavit herein. This distinguishes the instant case from Dixon v. State, 511 So.2d 1094 (Fla. 2d DCA 1987), relied on by the defendant in support of her claim that Leon is inapplicable.