573 So.2d 340 (1990)
STATE of Florida, Appellant,
v.
Robert Nmn ENSTICE, Appellee.
No. 89-1939.
District Court of Appeal of Florida, Fifth District.
October 11, 1990.
Rehearing Denied January 30, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellant.
Robert R. Berry of Ciener, Eisenmenger & Berry, Merritt Island, for appellee.
GRIFFIN, Judge.
The state has appealed an order granting pretrial motions to suppress evidence obtained pursuant to three search warrants. The suppression order affects charges pending against the defendant in four separate actions. We reverse the suppression orders.
*341 The charges arose out of an investigation involving stolen property that was being conducted by two Brevard County Deputy Sheriffs (Goodyear and Armstrong) during February and March of 1989. During the investigation, Goodyear was approached by an informant, not previously known to the officers, who told him that a man named Victor Jory was dealing in stolen property and cocaine. He also reported that Jory had approached him about editing raw footage of a pornographic nature which Jory possessed and wished to sell. Approximately one month later, a second informant gave Officer Armstrong an affidavit[1] which stated that on March 11 or 12 he had been present at defendant's residence when he observed Jory watching a pornographic videotape depicting Jory performing sexual acts with Jory's adopted minor son and another person. The second informant identified both these individuals and stated that the film was made four or five years earlier when both individuals were minors. The informant who provided this information was known to both officers, had given information to police "which was proven through investigation leading to the arrest of another individual," and purportedly had made confessions to the police against his own penal interest. The police verified that the location alleged was the defendant's residence. Jory was arrested and the defendant appeared with Jory at the police department, confirming their relationship. The defendant was also seen with Jory's minor son. Also, after Jory's arrest, defendant removed property from Jory's home at Jory's request. Based generally on the above, Goodyear prepared an affidavit in support of a warrant to search defendant's house.
Three separate search warrants were eventually issued against the defendant. The search yielded numerous photographs, films and videotapes depicting pornographic conduct with and by children, including the tape described by the second informant. The search also yielded a small quantity of marijuana and cocaine, as well as certain drug paraphernalia. Based on the evidence seized pursuant to the search warrants, the defendant was charged with various crimes involving child pornography, child prostitution, sexual assault upon children, and possession of drugs.
The standard to be applied by the trial court in evaluating the search warrant is whether there was a substantial basis for the issuing magistrate to conclude that probable cause existed. The magistrate is charged with making "a practical, common sense decision whether there is a `fair probability' that evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548, reh. denied, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983); Schmitt v. State, 563 So.2d 1095 (Fla. 4th DCA 1990) (warrant held sufficient for search of residence for pornographic photographs of children).
In granting the suppression order, the trial court identified three defects in the affidavit supporting the search warrant. First, the court found the affidavit defective in that "... it fails to allege the specific year when the unnamed informant observed the pornographic video tape [sic] within the residence of the Defendant." The court relied on Dixon v. State, 511 So.2d 1094 (Fla. 2d DCA 1987); Rand v. State, 484 So.2d 1367 (Fla. 2d DCA 1986); and King v. State, 410 So.2d 586 (Fla. 2d DCA 1982). Each of the cases relied upon by the trial court is distinguishable, however. In Dixon, the affidavit stated that a police officer had observed cocaine sales, but contained no information from which the date of the alleged drug violation could be determined. In King and Rand, the affidavit stated that the officer had received his information from an informant within days prior to execution of the affidavit, but did not specify when the informant received his information.
It would have been preferable for the year to be set forth for each material date; however, we agree with the state that, taken as a whole, the affidavit sufficiently identified when the videotape was *342 viewed at appellant's house. Where undated information is factually interrelated with other dated information in an affidavit, it is permissible to infer that the events took place in close proximity to the dates that are given. See 1 LaFave & Israel, Criminal Procedure § 3.3 at p. 213, citing United States v. Holliday, 474 F.2d 320 (10th Cir.1973). Cf. State v. Drowne, 436 So.2d 916 (Fla. 4th DCA), rev. denied, 441 So.2d 633 (Fla. 1983).
The trial court also found that the affidavit was legally insufficient to support a finding of probable cause because the state failed to establish the credibility of the informants involved in this case. The test for determining the existence of probable cause based upon the informant's tip is governed by Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, reh. denied, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983). In Illinois v. Gates, the Supreme Court rejected as hyper-technical the two-prong test developed in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). These cases held that in order to find probable cause in cases involving confidential informants a magistrate must be informed of (1) some of the underlying circumstances necessary to enable him to independently judge the informant's "basis of knowledge", and (2) some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable. See also State v. Vanwinkle, 444 So.2d 1005 (Fla. 5th DCA), rev. denied, 450 So.2d 489 (Fla. 1984).
Under the "totality of the circumstances" test involved in Gates, the two factors of the Aguilar-Spinelli test remain relevant considerations, but are merely among the factors to be weighed when probable cause for a search warrant is under consideration. Smigiel v. State, 439 So.2d 239, 243 (Fla. 5th DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984). Rather than accord these factors independent status, the court found "they are better understood as relevant considerations in the totality-of-the circumstances analysis ... [and] a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indication of reliability." Illinois v. Gates, 462 U.S. at 233, 103 S.Ct. at 2329, 76 L.Ed.2d at 545 (1983).
The affidavit submitted to the magistrate in the instant case is weak in detail and somewhat conclusory; however there are enough underlying facts set forth to meet minimum standards. See State v. Lasswell, 385 So.2d 668, 670 (Fla. 5th DCA), rev. denied, 392 So.2d 1376 (Fla. 1980). Moreover, because this case involved two separate confidential informants, the credibility of each was bolstered by information imparted by the other, especially where there was independent verification. See Rowell v. State, 544 So.2d 1089, 1092 (Fla. 1st DCA 1989). Under the circumstances, we conclude the veracity and basis of knowledge of the informants was sufficiently established to support a determination of probable cause.
The trial court's last stated basis for entering the suppression order was that the affidavit did not set forth sufficient facts from which the magistrate could have a "substantial basis" for a finding of probable cause. The defendant argues that the basis of this finding was that the facts alleged in the affidavit failed to establish a probability that the videotape would be at the defendant's residence when the warrant was issued. Defendant argues that even if it is assumed that the informant was reliable and that he saw Jory watching the videotape at the defendant's house 13 days before, the magistrate had no reasonable basis to believe that the videotape would be in the defendant's home at the time the warrant was sought. We disagree.
Defendant acknowledges the rule of thumb that if an alleged offense occurs in a place no more than 30 days prior to issuance of a search warrant, a finding of probable cause will usually be upheld. House v. State, 323 So.2d 659 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 463 *343 (Fla. 1976). Furthermore, in the case of crimes involving nonconsumable articles, even longer delays are often reasonable.[2] This tape was last seen at defendant's home a reasonable time before issuance of the warrant and we conclude there was such a "fair probability" it would be found at defendant's home to justify issuance of a warrant. See Smigiel v. State, 439 So.2d 239 (Fla. 5th DCA 1983), rev. denied, 447 So.2d 888 (Fla. 1984).
Even if the warrant were not valid on its face, we believe it qualifies for the "good faith" exception to the exclusionary rule as recognized by the United States Supreme Court in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In situations where analysis of a warrant yields a conclusion that it lacks probable cause, the court must then determine whether an affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Brown v. Illinois, 422 U.S. 590, 610-11, 95 S.Ct. 2254, 2265, 45 L.Ed.2d 416, 431 (1975). Applying the Leon standard literally, we are convinced the deficiencies in this affidavit are, at most, a case of weak drafting, not bad faith. State v. Moise, 522 So.2d 1023 (Fla. 5th DCA 1988); State v. Garcia, 503 So.2d 347 (Fla. 5th DCA), rev. denied, 511 So.2d 298 (Fla. 1987); State v. Wildes, 468 So.2d 550 (Fla. 5th DCA 1985).
REVERSED.
COWART, J., and ORFINGER, M., Associate Judge, concur.
NOTES
[1] The underlying affidavit is not contained in the record.
[2] Additionally, some courts have identified a propensity for the hoarding of pornography depicting children in sexual situations. See, e.g., United States v. Flippen, 674 F. Supp. 536, 539 (E.D.Va. 1987), aff'd, 861 F.2d 266 (4th Cir.1988).