COBB, Judge.
The state appeals the trial court’s order suppressing evidence obtained pursuant to *21 the execution of a search warrant predicated upon the sworn affidavit of a police officer which stated:
On January 10, 1990, your Affiant spoke with a confidential informant (C.I.), who gave your affiant information describing the residence and vehicles owned by the resident(s) at_ The C.I. further stated that he had purchased Cannabis from Argelio Cruz at 209 Sweetgum Court approximately six (6) months ago. Within the last seventy-two (72) hours, the C.I. was searched and found to be free of any controlled substances named in Section 893.03 F.S.; the C.I. was then given thirty dollars ($30.00) in U.S. currency, in denominations of one twenty-dollar bill, serial # G81960727G, and one ten-dollar bill, serial # B07596042I. Your Affiant followed the C.I. to 209 Sweetgum Court ... where the C.I. gave your Affiant a small quantity of Cannabis. The C.I. stated he purchased the Cannabis from Argelio Cruz while inside the residence at 209 Sweetgum Court.
The trial judge suppressed the evidence, apparently on the basis that the affidavit failed to factually establish the reliability of the confidential informant. That factor is unnecessary in a controlled buy situation. See State v. Georgoudiou, 560 So.2d 1241 (Fla. 5th DCA), rev. denied, 574 So.2d 141 (Fla.1990); State v. Vanwinkle, 444 So.2d 1005 (Fla. 5th DCA), rev. denied, 450 So.2d 489 (Fla.1984). There is no requirement that the search warrant affidavit state the specific date when an affiant observed recent events described therein. See State v. Enstice, 573 So.2d 340 (Fla. 5th DCA 1990); State v. Drowne, 436 So.2d 916 (Fla. 4th DCA 1983), rev. denied, 441 So.2d 633 (Fla.1983); State v. Schwarzbauer, 342 So.2d 1085 (Fla. 2d DCA 1977).
Moreover, the instant order of suppression was erroneous under the good faith reliance rule announced in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The search warrant was regular on its face, and the supporting affidavit was not so lacking in indicia of probable cause that the executing officer could not with reasonable objectivity rely upon the issuing magistrate’s probable cause determination. See State v. Wildes, 468 So.2d 550, 551 (Fla. 5th DCA 1985).
The argument of the appellee is that the affidavit was considered to be ambiguous by the trial judge, and susceptible of the interpretation that some unspecified interval of time elapsed between the giving of the money to the C.I. and the following of the C.I. by the officer to the Sweetgum address. The appellee argues that the drugs later found on the C.I. after his exit from the Sweetgum premises could have been obtained during that interval.
We believe the appellee’s construction of the language in the affidavit is a strained and unrealistic one, and is not a “common sense” reading of the document. See Ens-tice. In any event, it does not refute the Leon good faith argument.
The trial court’s suppression order is reversed.
REVERSED.
DAUKSCH and DIAMANTIS, JJ., concur.