584 So.2d 65 (1991)
Mark MONTGOMERY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2762.
District Court of Appeal of Florida, First District.
July 18, 1991.
Paul G. Komarek of Daniel & Komarek, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
The appellant entered a plea of nolo contendere to the charges of cultivation of marijuana and possession of paraphernalia, expressly reserving his right to appeal the denial of his motion to suppress. He appeals *66 the judgment and sentence. We affirm.
The motion to suppress challenged the sufficiency of the affidavit in support of the search warrant which was issued to search appellant's residence where the evidence in question was found. The pertinent portion of the affidavit which was signed by a member of the Bay County Sheriff's Department reads as follows:
Within the last twenty (21) days after your affiant received information from a reliable confidential informant that during the aforestated twenty-one (21) days the informant had lawfully been in the structure to be searched and had observed a quantity of what the informant knew to be Cannabis Sativa (marijuana). Your affiant further states that the informant has, in the past, provided your affiant with information that has proven to be true and accurate and led to successful arrest.
Appellant essentially argues that there was insufficient information in the affidavit to determine the reliability of the informant and that the affidavit did not establish a present violation of the law. We find no merit in appellant's first contention in light of State v. Compton, 301 So.2d 810 (Fla.2nd DCA 1974), and need not address it further. While we find that there is some merit in appellant's second contention, we find that under existing case law the information was not stale and that the good-faith standard of Leon v. United States, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), would preclude suppression of the evidence in question. We affirm.
Section 933.18(5), Florida Statutes (1990), in pertinent part provides that a search warrant for a dwelling may issue where "the law relating to narcotics or drug abuse is being violated therein." A warrant should only issue if the face of the affidavit demonstrates that there is probable cause to believe that the contraband is presently in the residence. State v. Bernie, 472 So.2d 1243 (Fla. 2nd DCA 1985).[1] "The length of time between the events relied upon to obtain a warrant and the date of issuance bears upon probable cause, with the likelihood that the items sought to be seized will be found on the premises decreasing as time passes." State v. Moise, 522 So.2d 1023, 1025 (Fla. 5th DCA 1988).
In Hamelmann v. State, 113 So.2d 394 (Fla. 1st DCA 1959), this court adopted the so-called "30-day rule" to determine whether information is so stale as to not support probable cause:
Barring extraordinary circumstances which may be shown to exist in any given case, the pattern has been rather clearly established in courts of this country that if the observation of the alleged offense is not farther remote than 30 days from the making of the affidavit and issuance of the warrant, a finding that there exists probable cause will not be disturbed. The contrary appears where the elapsed time is more than 30 days from the date of the observation to the date on which the affidavit is executed and the warrant issued.
Id. at 396.
The supreme court further clarified the 30-day rule in Rodriquez v. State, 297 So.2d 15 (Fla. 1974), when they stated "the 30-day period is not a hard-and-fast line," and "the issue of `staleness' cannot be solved by a simple application of numbers of days without consideration of the overall particular circumstances presented by the case." Id. at 18.
The federal courts have applied the test of Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), to the staleness issue. See U.S. v. Lamon, 930 F.2d 1183 (7th cir. 1991). This test for probable cause states that

*67 [t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.
Illinois v. Gates, 462 U.S. at 238, 103 S.Ct. at 2332.
Factors which may be considered in determining whether the information is sufficiently fresh to support probable cause are as follows: (1) Pattern of ongoing criminal activity, Smith v. State, 438 So.2d 896 (Fla. 2nd DCA 1983), which may be proven by repeated sales. State v. Moise, 522 So.2d 1023 (Fla. 5th DCA 1988); (2) the nature of the object being sought (consumable items such as drugs or liquor will easily become stale, unlike items such as guns, manufacturing equipment, or videotapes). See 2 W. LaFave, Search and Seizure § 3.7(a) (2d ed. 1987); State v. Enstice, 573 So.2d 340, 343 (Fla. 5th DCA 1990); (3) the nature of the criminal activity involved (for example, in cultivation of marijuana, the plants will grow over an extended period). U.S. v. Greany, 929 F.2d 523 (9th cir. 1991); U.S. v. Dozier, 844 F.2d 701 (9th cir. 1989); (4) whether there is a continuing flow of information from the informant or an ongoing investigation. Rivera v. U.S., 928 F.2d 592 (2nd Cir.1991); U.S. v. Nocella, 849 F.2d 33 (1st Cir.1988); or (5) whether the quantity of drugs or contraband involved is so large that it could not be disposed of or consumed in a short period of time.
When these factors are found to exist, Florida courts have extended the 30-day period. Smith v. State, supra. It does not appear, however, that the Florida courts have struck down searches occurring less than 30 days after the probable cause information has been obtained, where none of the factors appear to exist. In addition, periods of up to 10 or 15 days have been determined to be reasonable by the courts of this state without any proof of extenuating circumstances. State v. Compton, 301 So.2d 810 (Fla. 2nd DCA 1974) (10 days); Dufour v. State, 495 So.2d 154 (Fla. 1986) (10 days), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987); Sotolongo v. State, 530 So.2d 514, 515 (Fla. 2nd DCA 1988) (11 to 14 days); State v. Enstice, 573 So.2d 340 (Fla. 5th DCA 1990) (13 days); State v. Brown, 539 So.2d 532 (Fla. 3rd DCA 1989) (4 days.)
In House v. State, 323 So.2d 659 (Fla. 1st DCA 1975), cert. denied, 333 So.2d 463 (Fla. 1976), this court upheld issuance of a warrant based on information that was 17 days old:
In Hamelmann v. State, 113 So.2d 394 (Fla.App. 1st 1959), this court held if the alleged offense is no more than thirty days from the issuance of the warrant, a finding of probable cause will not be disturbed.
Id. at 661.[2]
The affidavit in question establishes a single incident which occurred sometime within 21 days prior to the affidavit being filed. There is no indication of the amount of drugs involved, whether the possession of drugs represented an ongoing pattern of criminality, the physical appearance of the drugs, how they were being kept, or whether the drugs were for sale or personal use. While it is not apparent from the affidavit in the instant case what circumstances would lead a person taking a common-sense approach under Gates to believe that the contraband would still be on the premises, we cannot ignore the previous dictates of this court in applying the 30-day rule, nor decisions of this court which hold that a delay of 17 days is permissible. House supra. We, therefore, cannot find that the trial court's determination of probable cause is in error.
In addition, it would appear that the dictates of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), would preclude suppression of evidence in the instant case. Leon holds that the exclusionary rule need not be applied to evidence *68 obtained as the result of an illegal search when the officer conducting the search acted in objectively reasonable reliance on the invalid warrant. Bonilla v. State, 579 So.2d 802 (Fla. 5th DCA 1991). The holding in Leon has been specifically applied in both the federal and Florida courts where the issue has been the staleness of the information upon which the warrant is issued. United States v. Anderson, 851 F.2d 727 (4th cir. 1988); State v. Enstice, 573 So.2d 340 (Fla. 5th DCA 1990). Unless the warrant is based on an affidavit so lacking in indicia of probable cause as to render an official's belief in its existence entirely unreasonable, Leon should be applied. Bonilla, supra, at 806. In light of House and other cases applying the 30-day rule, we cannot determine that the affidavit in the instant case was fatally deficient.
Affirmed.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] The state in its brief urges us to consider testimony taken at the hearing on the motion to suppress which does not appear in the affidavit in support of the search warrant. In determining the legality of the warrant, such consideration is improper. State v. Moise, 522 So.2d 1023 (Fla. 5th DCA 1988). We also note that the state in its brief did not cite one case on staleness or argue the applicability of the 30-day rule which is discussed herein.
[2] See also Sheppard v. State, 521 So.2d 288 (Fla. 1st DCA 1988), where the court cited to House and stated that information which was more than 30 days old could not be utilized to support a finding of probable cause.